JOHN H. PAINE AND ANOTHER vs. ELLEN J. TILLINGHAST AND ANOTHER.

T was the owner of a building that needed extensive repairs and employed
　　H, her brother, to procure them made, giving him full authority to act
　: according to his own judgment, but directing him not to expend over
　　$500, which sum she soon after placed in his hands. H, without dis-

closing his agency, employed the plaintiffs to furnish materials, which they did to the amount of $372, supposing him to be the owner. After they had furnished the materials they learned that *T* was the owner, and elected to make her their debtor and filed a certificate of lien upon the building. *H* had paid out $350 upon other bills but had paid the plaintiffs nothing. In a suit to foreclose the lien the court below found that *H*, in contracting with the plaintiffs, was acting rightfully in behalf of *T* and had authority from her so to do, and rendered judgment in their favor for the whole amount of their claim. Held, on the defendant's appeal—

1. That the rule that when a creditor seeks to hold an undisclosed principal he must take the account between the principal and the agent as he finds it, did not apply to the case, because the statute (Gen. Statutes, p. 359, sec. 9,) gives a lien to parties furnishing materials or labor at the request of the owner "or of some person having authority from or rightfully acting for such owner," and the plaintiffs had a right to rely on their lien without reference to any personal liability.

2. That it did not appear that *H*, in contracting for the amount of materials furnished by the plaintiffs, was exceeding his authority, since the purchase of materials would ordinarily precede the procuring of labor to use them, and the amount purchased was within the $500.

3. That, as every reasonable intendment was to be made to support the judgment, and it appearing that the whole repairs cost considerably over $500, it might be assumed that *T*, knowing of the progress of the work, and making no objection, had assented to the increased expenditure, and that the finding that *H* had authority to do what he did might be regarded as a finding of fact.

*H* was not expressly forbidden to purchase on credit. The prohibition, if it existed, could only be inferred from the fact that *T* placed $500 in his hands. But that inference was one of fact and could be made only by the court below; while the court had not only not made it but had found that what he did he was authorized to do.

There is a distinction between the power conferred upon an agent and instructions given him relative to the exercise of the power. The limitation in this case of the expenditure to $500 did not affect the character of the power, but simply restrained within certain limits its exercise.

[Argued March 27th—decided May 4th, 1885.]

SUIT to foreclose a lien for materials furnished for a building; brought to the Superior Court in Windham County, and tried before *Andrews, J.* The defenses made sufficiently appear from the opinion. The following facts were found by the court:—

The lot of land described in the complaint, and upon which, with the building upon it, the lien is claimed, is the

separate estate of Ellen J. Tillinghast, one of the defendants, and the wife of the other defendant, Frank A. Tillinghast. She has been the owner for nearly twenty years, and during all that time Charles E. Hutchins, who is her brother, has had the entire care and management of the property—procuring tenants, making bargains with them in his own name, collecting the rents, paying the taxes and insurance, making repairs, and indeed taking the whole charge as fully as though he was himself the owner.

About the first of April, 1880, quite thorough repairs were needed on the property, and Mrs. Tillinghast arranged with Hutchins that he should attend to the making of the repairs, giving him full authority to act according to his own judgment, but directing him to expend no more than $500; and at about that date she furnished him with $500 in money with which to pay for the same.

Acting upon the authority so given him by Mrs. Tillinghast, Hutchins applied to the plaintiffs, who were lumber dealers in the village of Danielsonville, for lumber and other materials suitable for the contemplated work; and upon his order the plaintiffs furnished materials to the amount of $372.19, which were used in and about the repairs made by Hutchins on the property. The materials were furnished from April 1st to July 27th, 1880. At that time the plaintiffs did not know that Mrs. Tillinghast owned the property, but supposed Hutchins to be the owner, and furnished the materials upon his order and charged them to him. Soon after they had ceased to supply materials the plaintiffs for the first time learned that Mrs. Tillinghast was the owner of the property, and they also learned that Hutchins was acting for her in attending to the repairs. They then elected to make her their debtor and put their certificate of lien upon record.

In contracting for the materials furnished by the plaintiffs Hutchins was acting rightfully in behalf of Mrs. Tillinghast and had authority from her so to do.

The total cost of all the repairs ordered by Hutchins is more than $500, but how much more did not appear.

Hutchins has paid out about $350 towards the whole cost, but has paid no part of the plaintiffs' bill. The plaintiffs' bill with interest thereon to the 24th day of November, 1884, is $468.96.

Upon these facts the court passed a decree foreclosing the property unless the defendants should pay the plaintiffs within a time limited the sum of $468.96, with interest from November 24th, 1884. The defendants appealed.

*J. J. Penrose* and *M. S. Shumway*, for the appellants.

1. Mrs. Tillinghast placed $500 in the hands of Hutchins, and authorized him to expend that sum in the repairs of her house. Hutchins goes on and expends $350, and pays out that sum to persons other than the plaintiffs. Hutchins makes the purchase of the plaintiffs on his own credit, and the goods sold by the plaintiffs were charged to him. Upon these facts the judgment of the Superior Court cannot be sustained. Hutchins exceeded his authority in making the purchase of the plaintiffs, and so Mrs. Tillinghast is not bound by his acts—1st, because he bought on credit; 2d, because he exceeded in expenditure the sum authorized by Mrs. Tillinghast. But it may be said that it does not appear when the $350 was paid to parties other than the plaintiffs; if this be so, a new trial still ought to be had to determine that fact.

2. The facts show the authority under which Hutchins acted in making the repairs for which the plaintiffs furnished materials. The plaintiffs were not misled by any act of the defendants or their agent—if Hutchins was such—inasmuch as the plaintiffs did not give the credit to the defendants, and neither the conduct of the defendants nor that of Hutchins led the plaintiffs to believe there was an agency.

3. The transaction is in the nature of a trust rather than an agency. But if there was an agency, it was of a special and particular character, so found by the court, and the fact that Hutchins had acted for the defendants in certain other instances did not influence the plaintiffs in giving the credit. However it might have been prior to 1880, that authority

had been abrogated by and merged in the special authority given by Mrs. Tillinghast in 1880, out of which this transaction arose.

4. An agent for a particular purpose cannot bind his principal by an act in which he exceeds his authority. *Thompson* v. *Stewart*, 3 Conn., 171; *Smith* v. *Carr*, 16 id., 450; *Starkweather* v. *Goodman*, 48 id., 101.

5. The authority to purchase goods gives an agent no power to pledge the credit of the principal when the money is placed in the hands of the agent to pay for them. *Sprague* v. *Gillett*, 9 Met., 91; *Komorowski* v. *Krumdick*, 56 Wis., 23.

6. Hutchins being limited to the expenditure of $500, could not make the defendants liable for anything in excess of that sum. *Mussey* v. *Beecher*, 3 Cush., 511.

7. When an election is made to charge an undisclosed principal, the agency should be interpreted in the same manner as if the plaintiffs knew the existence of the agency and its terms at the times the goods were sold, when there is no intention to deceive. And when an election is so made, all the equities are in favor of the principal; and if the principal has given private instructions to a general agent even, which have been violated, the principal would not be held. *Smith* v. *Anderson*, 7 Com. Bench, 21; s. c., 13 Jur., 211; *Armstrong* v. *Stokes*, L. Reps., 7 Queen's Bench, 598.

8. The statute in relation to mechanics' liens gives no new rights and does not enlarge the property owner's liability beyond creating a lien upon the specific property, and cannot be intended to compel the owner to pay for repairs which were not authorized and of which he had no knowledge. *Gilman* v. *Disbrow*, 45 Conn., 563; *Flannery* v. *Rohrmayer*, 46 id., 558.

*C. E. Searls*, for the appellee.

CARPENTER, J. This is a suit to foreclose a mechanic's lien. The plaintiffs allege that the defendant Ellen J. Tillinghast was the owner of a building, and that they fur-

nished materials for repairing it under an agreement with one Hutchins, " having authority from and rightfully acting for said defendants." The defendants deny so much of the complaint as alleges that Hutchins had any authority from or was rightfully acting for the defendants or either of them.

The defendants, by way of defense, allege that they made a contract with Hutchins to make the repairs, and that they had in good faith paid him all that was due on the contract, and that the plaintiffs did not give the notice required of sub-contractors. This defense is denied by the plaintiffs. . This last issue is found against the defendants and no claim is now made under it. In respect to the first issue the court finds that about the first of April, 1880, quite thorough repairs were needed on the property, and Mrs. Tillinghast arranged with her brother, said Hutchins, that he should attend to the making of such repairs, giving him full authority to act according to his own judgment, but directing him to expend no more than $500 ; and at or about that date she furnished him with $500 in money with which to pay for the same. . Acting upon the authority so given him by Mrs. Tillinghast Mr. Hutchins applied to the plaintiffs, who were lumber dealers in the village of Danielsonvile, for lumber and other materials suitable for the contemplated work ; and upon his order the plaintiffs furnished materials to the amount of $372.79 which were used in and about the repairs made by Hutchins on the property. The materials were furnished from April 1st, to July 27th, 1880. At that time the plaintiffs did not know that Mrs. Tillinghast owned the property but supposed Mr. Hutchins to be the owner, and furnished the materials upon his order and charged them to him. Soon after they had ceased to supply materials the plaintiffs for the first time learned that Mrs. Tillinghast was the owner of the property, and they also learned that Hutchins was acting for her in attending to these repairs. They then elected to make her their debtor and put their certificate of lien upon record. In contracting for the materials fur-

nished by the plaintiffs, Mr. Hutchins was acting rightfully in behalf of Mrs. Tillinghast, and had authority from her so to do. The total cost of all the repairs ordered by him is more than $500, but how much more did not appear. Hutchins has paid out about $350 towards the whole cost, but has paid no part of the plaintiffs' bill.

The court then formally found both issues for the plaintiffs and rendered judgment in their favor. The defendants appealed.

The first, second and third reasons of appeal present the claim in substance that Hutchins had no authority to act for the defendants in purchasing materials to so large an amount and on credit. The fourth reason is that the defendants were in no event liable beyond the sum of $150, the amount remaining in Hutchins's hands. This reason, at least in that form, does not seem to be insisted on. The fifth reason is that when the plaintiffs elected to make Mrs. Tillinghast their debtor, the accounts between the defendants and Hutchins showed that Hutchins had been paid in full.

We will notice the last reason first. In it the defendants invoke the aid of a familiar principle of the law of agency, that when a creditor seeks to hold an undisclosed principal liable he must take the account between the principal and his agent as he finds it when he first discovers the principal. If then the agent has been paid in full the creditor can have no claim on the principal. The principle of law is not controverted; but its application to the present case is denied. The agency here was not an ordinary one for the purchase of goods. The duty of the agent was to make repairs on a building. In making the repairs he had an unlimited discretion except in one particular—the expenditure was limited to $500. Thorough repairs were needed, and he had "full authority to act according to his own judgment." And this authority related to a subject-matter concerning which the statute provides as follows:—"Every building in the construction or repairs of which * * * any person shall have a claim for materials furnished or services rendered * * *

by virtue of an agreement with, or by consent of the owner of the land upon which said building is erected, or some person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials, shall, with the land on which the same may stand, be subject to the payment of such claim," etc. This, like all statutes, changes or modifies some rule of the common law. That was its design. The phrase "or some person having authority from or rightfully acting for the owner " was incorporated in the statute by an amendment passed in 1875. The intention was to give a lien when contracts were made by agents. The language is broad and comprehensive. We discover no indication of an intention that undisclosed principals should be exempt from its operation. Much of the business of repairing buildings in cities and large towns is under the supervision of agents, and in many instances probably the mechanic or dealer in supplies knows only the agent. They know that the statute on its face gives them a lien on the building, and they rely on it quite as much as or more than they do on the personal responsibility of the agent. To construe the statute as not applying to an undisclosed principal would make it operate as a snare, and would deprive parties of the benefit which the statute evidently intended they should have.

To apply and enforce the statute in a case like this works no injustice. Every owner of real estate knows the law. When he employs an agent to construct or repair a building he knows the liability he incurs under the lien law, and may easily protect himself, and it is not unreasonable to require him to do so; while it would be a hardship to require mechanics, when the owner is unknown, to know the terms of the agency, and to ascertain the nature and extent of the private instructions to the agent. We conclude, therefore, that the peculiar principles of the law of agency which relate to undisclosed principals must yield to the provisions of the statute.

We come now to the question whether it sufficiently appears that Hutchins was not rightfully acting for Mrs.

Tillinghast. We state it in this negative form because it better expresses the real question before us. The finding is that "in contracting for the materials furnished by the plaintiffs, Mr. Hutchins was acting rightfully in behalf of Mrs. Tillinghast, and had authority from her so to do." This is conclusive against the defendants, if we are to regard it as a finding of fact; but if it is to be regarded as a conclusion of law merely from facts previously stated, then it is competent for this court to examine those facts to see if they will warrant that conclusion.

The authority of Hutchins could not be questioned but for the direction not to expend over $500, in connection with the fact that that amount was placed in his hands for that purpose. Do these facts necessarily lead to the legal conclusion that Hutchins in expending more than $500 exceeded his authority?

We must bear in mind the distinction between the power conferred upon an agent and instructions given him relative to the execution of the power. The power conferred was to make thorough repairs, with full authority to act according to his own judgment. The limitation affected not the nature and character of the power, but simply restrained within certain limits its exercise; and that restriction was known only to the principal and his agent. It is difficult to see how third persons dealing with the agent, with no knowledge of such instructions, can be affected by them. It seems to us that that is a matter between the principal and agent alone. It is in fact and in law a part of the agent's private instructions, which instructions do not qualify the power so far as third persons are concerned. This will be more apparent from a consideration of the consequences of a different view. Let us suppose that the limitation qualifies the agency as to the plaintiffs. The agency commenced about April 1st, 1880. On that day the plaintiffs commenced to furnish materials, and continued from time to time to do so until July 27th. Obviously $500 was not expended when they commenced; and probably a large portion of the bill, if not the whole,

accrued before that amount had been expended. Furnishing materials precedes in the order of time the labor of mechanics in making repairs. If those first in time are first in right, it would seem as though the plaintiffs were entitled to the preference. If presumptions are in favor of sustaining judgments, then we may presume, for there is nothing in the case to show the contrary, that when Hutchins contracted for these supplies no liability had been incurred for any portion of the money authorized to be expended. The lien attached, if at all, as the supplies were furnished, and could be defeated by no subsequent act of the agent. This serves to show. not only the difficulty which the defendants' theory must encounter, but also that the judgment was right, unless erroneous for the reason, as claimed, that Hutchins was not authorized to purchase on credit—a point we will presently consider.

Again: assuming that the limitation qualifies the power, how is it to be known when the limit is reached? Is it when contracts are entered into calling for that sum? If so, a contract may be partly authorized and party unauthorized. Is it when the supplies furnished and labor performed amount to that sum? Then, too, contracts may be divided. More than this; some portion of this claim even then would be good. The record fails to show what portion of it was authorized and what not. *Non constat* but that the whole bill was within the appropriation. In that event we could find no error.

If all the bills exceed the limit, how and by what rule is the appropriation to be apportioned between materials and labor?

These suggestions are enough to show the practical difficulty, if not the absurdity, of regarding the limitation as qualifying the power.

But conceding that Hutchins's authority was limited in the first instance, and that too as to third persons without notice, it does not follow that the restriction continued to the close of the agency. It is no new experience for persons engaged in repairing buildings to find that much more

extensive repairs are needed than was at first supposed. We are not informed as to particulars in this respect; we are simply told that the repairs cost more than $500. Inferentially it appears that the cost was $722.19 at least— the plaintiff's bill $372.19, and $350 paid by Hutchins to other parties. In the absence of any finding to the contrary, we may assume that the amount expended was reasonable and proper, that it was needed, and that Mrs Tillinghast actually authorized the additional expenditure.

There is nothing improbable in such an assumption; but it is hardly necessary. Suppose that during the four months or more that this work was in progress, Mrs. Tillinghast was informed from time to time of the repairs needed and of the amount being expended, and that she made no objection to it, is it not clear that from such facts the court might properly find that Hutchins was acting by authority?

Now we agree that these facts do not appear; and they need not appear; for they are merely evidential facts from which the ultimate fact, actual authority, may be inferred. When we remember that courts will make every reasonable intendment to sustain a judgment, such considerations are pertinent and important, especially when the court simply finds the main fact in issue and omits a detailed statement of the circumstances which ordinarily attend such transactions.

We come then to this result, that the finding is not merely the statement of a legal conclusion, but must be regarded as a conclusive finding of fact.

It only remains to notice briefly the claim that Hutchins was not authorized to purchase materials on credit. The question of fact involved in this claim is included in the question of authority we have just considered. He was not expressly prohibited from purchasing on credit. Such a prohibition, if it exists at all, must be inferred from the fact that money was placed in his hands. That inference, however, is one of fact and not of law. It was for the court below to settle the facts. That court has passed upon the question, and has not only failed to find a prohi-

bition, but has virtually determined the question the other way. The court has expressly found that what he did he was authorized to do; and that necessarily includes authority to purchase on credit. He could not have been acting rightfully for Mrs. Tillinghast if he was in fact purchasing goods on credit without authority.

A majority of the court are of the opinion that there is no error in the judgment complained of.

In this opinion GRANGER and SANFORD, Js., concurred. PARK, C. J., and LOOMIS, J., dissented.