THE GALVANO TYPE ENGRAVING COMPANY *vs.* HORACE H. JACKSON ET AL.

Third Judicial District, New Haven, January Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendants, an executive committee charged with certain duties respecting an Old Home Week celebration, passed a resolution directing their agents to arrange with a photographer to prepare such photographs as were needed for an official or souvenir pro-

Galvano Type Engraving Co. v. Jackson.

gram, "and arrange for the half-tone cuts at ten cents an inch." *Held* that evidence was admissible to show that when the executive committee passed this resolution, they knew it was the customary method in the business of preparing cuts or plates to have a minimum charge for small plates, and that the clause above quoted related to and was intended to relate to such plates only as would not be included in the minimum charge.

Even where the scope or extent of an agent's authority is to be determined from the language of an independent writing, the trial court may nevertheless consider the situation of the parties and the circumstances of the transaction, in arriving at the intent expressed or implied in the words used, and for the purpose of applying them to the subject-matter contemplated by the parties.

The agents of the executive committee did not report to it the terms of their agreement with the plaintiff, until the official program or souvenir was printed and sold; nor were they requested to do so. *Held* that this failure could not relieve the members of the committee from liability to the plaintiff.

Argued January 17th—decided March 9th, 1905.

ACTION to recover for materials furnished and services rendered, brought to and tried by the Court of Common Pleas in Fairfield County, *Curtis, J. ;* judgment for plaintiff, and appeal by defendants. *No error.*

*Carl Foster*, for the appellants (defendants).

*Thomas M. Cullinan* and *John J. Cullinan*, for the appellee (plaintiff).

HAMERSLEY, J. The defendants constituted and acted as the executive committee of the department of publicity of an Old Home Week celebration held in Bridgeport about September 1st, 1903. This executive committee was charged with the duty of preparing and publishing an official program or souvenir to be used in said celebration, and requested the defendant Babcock (one of its members) and one Robert M. Sperry, a member of the department of publicity, to make certain arrangements necessary for the completion of this souvenir. Babcock and Sperry, assuming to act as agents of the defendants, employed the plaintiff to prepare

the photographic cuts or plates necessary for the completion of the souvenir book, at prices orally agreed upon between them. The work so ordered was necessary for the manufacture and furnishing of half-tone cuts authorized by the executive committee and needed for the completion of said souvenir. The plaintiff did not know of any limitation on the authority of the agents, and made no inquiries in regard thereto. The plaintiff completed the work as directed by Babcock and Sperry, shipping the same to them as completed, with bills therefor. Said work and materials were used by the defendants in the manufacture and publishing of said book, and the book was sold to the public.

This action is brought to recover the amount due for the work and materials so furnished by the plaintiff and used by the defendants. The first count substantially alleges that the plaintiff furnished the defendants, at their request, and for their use and benefit, services and materials of the price and value of $348.13. The allegations of this count were denied, and any defect in form thereby waived. The second count sets out the transaction as it took place in detail, and claims to recover for the services and materials furnished at the agreed price. The answer to this count in substance denies the employment of the plaintiff by the defendants, alleging that Messrs. Babcock and Sperry did not act within the scope of the authority given them as agents by the executive committee.

The trial court found that the defendants authorized Babcock and Sperry to order the work done by the plaintiff; that the reasonable value of the work was $310.85, and rendered judgment for the plaintiff to recover that amount.

The principal contention urged by the defendants in argument is, that it necessarily appears from the finding that the court, in reaching its fundamental conclusion of fact, namely, that the defendants authorized Babcock and Sperry to order the work which was done by the plaintiff and used by the defendants, was influenced by an erroneous view of the law. It appears from the finding that the court based this conclusion of fact in part upon the action of the department of

publicity in creating and defining the duties of its executive committee, including the duty of getting out an official program (or some souvenir), as well as the action of the executive committee including a resolution of the following tenor: " Motion that Mr. Babcock and Mr. (R. M.) Sperry arrange for a photographer to prepare such photographs as needed for the completion of official souvenir, and arrange for the half-tone cuts at ten cents inch." It further appears that when the executive committee passed this motion they knew that it was the customary method in the business of preparing cuts or plates, to have a minimum charge for small plates, and the .portion of said resolution relating to half-tone cuts at ten cents, related and was intended to relate to such plates as would not be included in a minimum charge. The precise claim of the defendants seems to be, that in passing upon the question of authority the court was confined to the simple act of the executive committee in passing the motion quoted, and especially could not consider the committee's knowledge of the customary method in the business to which the motion related and in view of which it was framed.

There is no merit in this claim. Treating the motion as an independent writing whose language must determine the rights of the parties, the court properly considered their situation and the circumstances of the transaction, in arriving at the intent expressed or implied in the language used, and for the purpose of applying the vote to the subject-matter contemplated and intended by the parties. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 393 ; *Douglas* v. *Chatham*, 41 id. 211, 235 ; *In re Curtis-Castle Arbitration*, 64 id. 501, 514. But the motion was not such an independent writing. The matter in dispute was not a power derived wholly from a written instrument, but an agency created by the conduct and acts of the parties, including as one circumstance the passage of the motion quoted, and the existence of this agency was a fact depending on all the evidence in the case. *Torry* v. *Holmes*, 10 Conn. 499, 513 ; *Indiana Bicycle Co.* v. *Tuttle*, 74 id. 489, 492. The court has found as a fact that the defendants authorized Messrs. Babcock and Sperry

to order the work, instructing them to pay for a portion of the work a specified price. The particular or subordinate facts appearing in the finding are plainly not inconsistent with this conclusion, and do not justify a legal inference that the court was influenced by any erroneous view of the law in reaching that conclusion. The court found that the price agreed upon for that portion of the work not included in the limitation upon price, represented a reasonable value for the work done; that the price agreed upon for the remainder of the work was unreasonable and in excess of the price specified in the agent's instructions, and that the reasonable value of this work was a sum equal to the price specified; and rendered judgment accordingly, namely, that the plaintiff recover of the defendants the sum of $310.85, being the reasonable value of services and materials furnished by the plaintiff at the defendants' request and used by the defendants. Such a judgment in this action is clearly legal, notwithstanding the fact that the defendants' agents through whom the request was given attempted to bind their principal by an agreement as to price in excess of their authority.

The claim suggested in argument, that the court erred in rendering judgment for less than the agreed price for all the work done, depends upon the application, to the facts found, of the law which marks a clear distinction between the power conferred upon an agent and instructions given him relative to the execution of that power. *Paine* v. *Tillinghast*, 52 Conn. 532, 540. Such an error would injuriously affect the plaintiff, but not the defendants. The plaintiff has not appealed and the question need not be considered.

The fact that Babcock and Sperry did not report to the defendants the terms of their agreement with the plaintiff until said official program or souvenir was printed and sold, and that the defendants did not, although knowing said work was being done, have other information as to the terms of the agreement, nor ask for such report or information—assuming that such report and information ought to have been

given in pursuance of the rules regulating the conduct of the executive committee—cannot prevent the plaintiff from recovering the judgment rendered in this action. Such failure by the defendants, to follow and enforce their own rules, cannot relieve the defendants from their liability to the plaintiff.

The brief and argument of the defendants was substantially confined to the points above considered. Other matters contained in the reasons of appeal are plainly improper or immaterial, and do not warrant special mention.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.