JEROME I. BASKIN *v.* ERIK DAM ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 12-6007-7934

Argued August 29—decided November 10, 1967

*Dominic J. Squatrito,* of Manchester, for the appellant-appellee (plaintiff).

*Leon Podrove,* of Manchester, for the appellees-appellants (defendants).

DEARINGTON, J. The plaintiff brought this action against Erik Dam, Earle Everett, Jr., and the J. D. Real Estate Company, claiming he had engaged the

defendants as agents to search for and negotiate the purchase of a building lot in a designated area in the town of Manchester. The plaintiff further alleged that the defendants did find a lot suitable for the plaintiff and that they falsely represented they were the owners of the lot and agreed to sell such lot to the plaintiff for $6400. Thereafter, the defendant Dam purchased this lot for $5000 and informed the plaintiff that the agreement for the sale of the lot to the plaintiff was not binding. It is further alleged that Dam sold the lot to another purchaser for a price in excess of $6400. This misrepresentation, the failure to disclose the ownership of the lot, and the purchase and sale to one other than the plaintiff were alleged to be a breach of duty owed to the plaintiff by the defendants as his agents. To these pleadings the defendants Dam and Everett, hereinafter referred to as the defendants, have answered by way of a general denial. The defendant J. D. Real Estate Company appears to have been abruptly dropped as a party defendant although there is no motion in the records to that effect. See Practice Book § 62. The defendants, however, seem to have waived this irregularity.

Judgment was rendered in favor of the plaintiff, and from it both the plaintiff and the defendants have appealed. The defendants have assigned error in the denial of their motion to correct the finding and in that the subordinate facts do not support the conclusions. The plaintiff has assigned error generally as it relates to the measure of damages.

The defendants' assignment of errors relating to the correction of the finding has not been briefed and must be treated as abandoned. *Stanley* v. *Hartford,* 140 Conn. 643, 645; *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390; Maltbie, Conn. App. Proc. § 327. The finding, including a brief

summary of the memorandum of opinion, which the trial court has incorporated in its finding, indicates that the plaintiff went to the office of the J. D. Real Estate Company on May 9, 1966, and talked with the head of the company and the defendant Everett, one of the company's salesmen, in respect to purchasing a lot in the Middle Heights section of Manchester. The plaintiff instructed Everett to find a lot for him in this area although nothing definite was agreed on as to either the price of such a lot or the commission for finding one. A few days later the defendant Dam, a cosalesman with Everett of the J. D. Real Estate Company, contacted the plaintiff and told him he was working on his account. The defendants gave the plaintiff several leads in the area, and Dam told potential sellers in the area that a Mr. Baskin was looking for a lot to buy. The defendants, while looking for such a lot for the plaintiff, found a lot owned by Paul Hublard. They reported to the plaintiff that they owned a lot in the area (the Hublard lot), and the plaintiff agreed to purchase the lot. The defendants did not then own the Hublard lot but purchased it for $5000 on May 26, 1966, and then rescinded their agreement with the plaintiff and sold the lot to Paul Kiernan for $6700. No disclosure was made to the plaintiff of the circumstances surrounding the purchase of this lot. Kiernan had previously inquired about a lot, but no obligations existed between him and the defendants. During this time the defendants were acting as agents for the plaintiff. The court further found that the defendants were licensed real estate salesmen, employed by the J. D. Real Estate Company, a licensed broker. The court also incorporated its memorandum of decision into its finding.

The following conclusions were reached: (1) The plaintiff engaged the defendants to act as his agents for a finding of a lot in a certain area. (2) The

defendants, while engaged in this search, did find a lot in this area which they purchased for themselves. (3) In view of the conduct of the defendants, a constructive trust arose in favor of the plaintiff in connection with the lot. (4) The plaintiff is entitled to the lot, and since this is an impossibility he is entitled to the profit from the sale of the lot by the defendants less an amount for their services. The defendants have attempted to correct the conclusions by adding certain facts, while striking others. Such a method of attacking conclusions is improper under our practice. *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 356; Maltbie, Conn. App. Proc. § 171.

The trial court has made its memorandum of decision a part of its finding of facts. Such a practice is authorized under our rules if the memorandum is formulated in the form of a finding of facts. Practice Book §§ 992, 993; *Bransfield* v. *Goodrich Tire Co.,* 23 Conn. Sup. 365, 367. Such a practice, however, is discountenanced by our Supreme Court. *Franchey* v. *Hannes,* 152 Conn. 372, 380; *Baptist* v. *Shanen,* 145 Conn. 605, 612; *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41. One reason why our Supreme Court discourages the practice is the difficulty in presenting claims for the correction of statements of fact appearing in the memorandum. Maltbie, Conn. App. Proc. § 171. Be that as it may, the finding and memorandum must be read together, and if there is a conflict or variance appearing therein, the finding will prevail. *Morris* v. *Morris,* 132 Conn. 188, 190; *Stults* v. *Palmer,* 141 Conn. 709, 710.

As briefed by the parties, the basic issue relates to an alleged agency. The plaintiff claims an agency was created and that the defendants violated their fiduciary duty in that they acted adversely to his interest in the transaction involving the lot. The defendants maintain that they were acting in a

routine manner and had a sale been effected in respect to the plaintiff they would at most have become an agent of the seller.

Our concern is whether the subordinate facts support the conclusion that an agency was established and, if so, whether the court was warranted in further concluding that a constructive trust arose in favor of the plaintiff. The plaintiff, having alleged agency, had the burden of proving it. *L. C. Bates Co.* v. *Austin, Nichols & Co.,* 143 Conn. 392, 394. Agency has to be proved by a preponderance of the evidence. *Iodice* v. *Rusnak,* 143 Conn. 244, 247. The question whether an agency has been created by the conduct and acts of the parties is a matter of fact to be determined by the conduct and acts of the parties. *Galvano Type Engraving Co.* v. *Jackson,* 77 Conn. 564, 567. One of the most comprehensive definitions of agency is that found in Mechem, Agency (3d Ed.) § 12. It is there described as "the legal relation which exists where one person, called the agent, is employed and authorized by another, called the principal, to represent and act for the latter in his contractual or business dealings with third persons . . . ." "While an agency is . . . generally the result of contract, express or implied, it is not always necessary to find all the elements of a contract in order to establish the relation. Even where one undertakes to act for another without compensation, and the element of consideration necessary for a contract is lacking, if he does in fact enter upon the undertaking, the relation of agency between him and the party for whom he is acting is created." *Kurtz* v. *Farrington,* 104 Conn. 257, 268. "The relation need not arise from an express appointment and an acceptance, but is often established from the words and conduct of the parties and the circumstances of the particular case." Id., 269 and cases cited. While there must

be an intent on the part of the principal that the agent act for him and also an intent on the part of the agent to accept such authority and act on it, such intention ordinarily finds expression either in the words or conduct of the parties. 3 Am. Jur. 2d, Agency, § 71.

There appears to be no serious question that the defendants were attempting to locate a lot for the plaintiff in the area designated by him. Their conversations and activities negative any other conclusion. The trial court in its memorandum placed great weight upon the testimony of Lincoln Murphy and Olga Cowles, owners of property in the Middle Heights area, in arriving at its conclusion that agency had been established. Murphy testified that "Mr. Dam approached me and the gist of the conversation was that he did have a client and he was acting to purchase land in the area for . . . one Mr. Baskin . . . ." Mrs. Cowles testified that during the interview "I did ask Mr. Dam—Well, I was a little confused as to what would happen if we had a buyer, and he was the seller of the lot, and of course, we had gone to him asking him to sell the lot for us, who would pay a commission of such a deal, and he said Mr. Baskin would." Such evidence went a long way in destroying the defendants' claim that they were acting in a routine manner and had a sale been effected they would have been agents of the seller. Upon such evidence as this and the entire background of the defendants' relations with the plaintiff, including the reasonable inferences the court was entitled to draw, it was warranted in concluding upon the subordinate facts that the defendants were acting as agents for the plaintiff at the time they purchased the Hublard lot.

The defendants further contend that there could be no constructive trust without a showing of fraud. The court found that the defendants told the plain-

tiff they owned a lot and offered to sell it to him. The defendants in fact did not then own the lot but later purchased it for $5000. It perhaps should be parenthetically pointed out that it appears from the complaint, transcript and oral argument, although not from the finding, that the defendants offered this lot to the plaintiff for $6400. After the plaintiff accepted the offer, the defendants withdrew it and sold the lot to Kiernan for $6700. At no time did the defendants disclose to the plaintiff the circumstances surrounding their purchase of the lot or its cost to them.

"An agent employed to purchase for another, cannot purchase for himself, whether he be actually or constructively an agent. He is, in such case, a trustee for his employer." *Church* v. *Sterling,* 16 Conn. 388, 400. The principal must have full knowledge that his agent is purchasing the subject matter and he must consent to it, and if there is a violation of this duty it is generally held that a constructive trust arises in favor of the principal. 3 Am. Jur. 2d, Agency, § 232. Nor can a dual agency exist, with the alleged agent attempting to represent adversary parties, unless there be a disclosure and consent by both parties. Id. § 233; *Zimmerman* v. *Garvey,* 81 Conn. 570, 571; *Twiss* v. *Herbst,* 95 Conn. 273, 276. Nor can an agent who is employed to purchase property purchase it himself and attempt to resell it to his principal at a profit to himself. *Kurtz* v. *Farrington,* supra, 269. "The very relationship implies that the principal has reposed some trust or confidence in the agent and that the agent or employee is obligated to exercise the utmost good faith, loyalty and honesty toward his principal or employer." *Town & Country House & Homes Service, Inc.* v. *Evans,* 150 Conn. 314, 317. Thus a constructive trust arises when an agent purchases on his own account, or for his own benefit, property con-

stituting the subject matter of the fiduciary relationship, in violation of the trust or confidence reposed in the agent. This rule is not confined to a particular class of persons but is a rule of universal application to all persons coming within its principle. *Church* v. *Sterling,* supra; 54 Am. Jur., Trusts, § 228. The court was not in error in concluding, as it did, that the defendants' conduct gave rise to a constructive trust in favor of the plaintiff.

The plaintiff, in his appeal, has attacked the measure of damages, claiming that the court erred in its computation in that it deducted compensation which it allowed the defendants for services rendered. The court found that the plaintiff was entitled to an amount of damages commensurate with the profit the defendants derived from the purchase and sale of the Hublard lot, less $500 for services rendered by them. Since the lot was purchased for $5000 and sold for $6700, the court awarded damages of $1200. An agent who violates his fiduciary duty in a real estate transaction cannot recover for his services even upon an express contract. *Twiss* v. *Herbst,* supra; *Schleifenbaum* v. *Rundbaken,* 81 Conn. 623, 625; *Zimmerman* v. *Garvey,* supra; see Restatement (Second), 2 Agency §§ 388–394. The defendants were not entitled to any compensation for their services.

There is error only in the amount of damages awarded the plaintiff; the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in accordance with this opinion.

In this opinion JACOBS and WISE, Js., concurred.