[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert Olszewski, filed an eight-count complaint on March 9, 1993, seeking to recover for injuries allegedly sustained when he was assaulted by defendant Elvin Garcia. The plaintiff also names Garcia's alleged employer, Fair Auto Supply of Bridgeport, Inc. ("Fair Auto Supply"), as a defendant. ON March 30, 1993, the plaintiff filed an amended complaint and added Fair Auto Paint and Body Supplies, Inc. ("Fair Paint and Body") as a defendant.
In his second amended twelve-count complaint, filed on May 5, 1993, the plaintiff alleges that on September 4, 1992, he was assaulted by Garcia on two separate occasions. The plaintiff alleges that at the time of the assaults, Garcia was employed by either Fair Auto Supply or Fair Paint and Body, or was a shared employee of both entities.
In counts IX, X and XII of the second amended complaint, the plaintiff seeks to recover damages from Fair Auto Supply based on allegations that at the time of the assaults, Garcia was an agent and employee of Fair Auto Supply, and that Garcia was acting within the scope of his employment. In count XI, the plaintiff asserts a CT Page 8534 claim for negligent hiring against Fair Auto Supply. Counts I through VII are not germane to the motion for summary judgment.
On April 21, 1993, Fair Auto Supply filed a motion for summary judgment (#102) on counts IX, X and XII of the plaintiff's second amended complaint, along with a memorandum of law and the affidavit of Frank Chizmadia, the vice president of Fair Auto Supply. On May 5, 1993, the plaintiff filed an objection to the notion (#107), along with his sworn affidavit.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 11, 491 A.2d 368 (1985). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing the motion must substitute its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990).
In support of its motion for summary judgment, defendant Fair Auto Supply argues that Garcia was not acting as its agent or employee at the time of the alleged assault, and therefore, it should not be held liable for Garcia's actions. In response, the plaintiff argues that Fair Auto Supply and Fair Paint and Body are operated by the same owners, and that both entities share employees.
The existence of an agency relationship is a question of fact. Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 133,464 A.2d 6 (1983). The plaintiff has the burden of proving the existence of an agency relationship Botticello v. Stefanovicz, 177 Conn. 22, 24,411 A.2d 16 (1979). "An essential element of agency is that the agent is doing something at the behest and for the benefit of the principal"; Leary v. Johnson, 159 Conn. 101, 105-06, 267 A.2d 658
(1970); such as acting for or representing the principal (in his contractual or business dealings with third persons. Baskin v. Dam, 4 Conn. Cir. Ct. 702, 706, 239 A.2d 549 (App.Div. 1967). k Another factor in assessing whether such a relationship exists is CT Page 8535 "whether the alleged principal has the right to direct and control the work of the agent. . . ." (Citations omitted.) Beckenstein v. Potter Carrier, Inc., supra, 133. "The relation need not arise from an express appointment and an acceptance, but is often established from the words and conduct of the parties and the circumstances of the particular case.: Kurtz v. Farrington,104 Conn. 257, 269, 132 A.2d 540 (1926).
Defendant Fair Auto Supply's vice president, Frank Chizmadia, submits an affidavit in support of Fair Auto Supply's motion for summary judgment which provides in pertinent part:
 3. Elvin Garcia is not an employee of Fair Auto Supply of Bridgeport, Inc., and he was not an employee of Fair Auto Supply of Bridgeport, Inc., on September 4, 1992.
 4. Any actions alleged to have been undertaken by Elvin Garcia in the plaintiff's complaint were not undertaken by him as an agent or employee of the defendant [Fair Auto Supply] and [Fair Auto Supply] did not give any consent or approval to any such action.
The plaintiff's affidavit in opposition to Fair Auto Supply's motion for summary judgment provides in pertinent part:
 3. That on September 4, 1992, after being assaulted by Elvin Garcia, I went to Fair Auto Supply of Bridgeport, Inc. to speak with the manager, Pat, about Elvin Garcia who I understood to be an employee of either (or both) Fair Auto Paint and Body Supplies, Inc. and Fair Auto Supply of Bridgeport, Inc.
 4. That Pat was not there, so I went across the street to speak with Bob at Fair Auto Paint and Body Supplies Inc., and told him what had happened.
 5. That the next day, I came back to speak with Pat, the manager of Fair Auto Supply of Bridgeport, Inc.
6. That with Pat was Frank, who I understood CT Page 8536 to be the owner of both Fair Auto Supply of Bridgeport, Inc. and Fair Auto Paint and Body Supplies, Inc.
 7. That Pat then introduced me to Frank as "Bobby", the guy who had been assaulted by "Ebby" (the street name of Elvin Garcia).
8. That Frank asked me what had happened.
 9. That I then explained to him that Elvin Garcia had assaulted me the day before with a floor scraper handle and later with a "car-club", and both incidents had occurred while Garcia was in the course of his employment with Fair Auto Paint and Body Supplies, Inc. and/or Fair Auto Supply of Bridgeport, Inc.
 10. That Frank told me that he should not have taken the kid [Garcia] back, because he knew he would be trouble.
While the plaintiff argues that Fair Auto Supply and Fair Paint and Body are operated by the same owners and share common employees, the plaintiff fails to present evidence to support these allegations. Plaintiff fails to present evidence in support of his claim that Garcia was acting as an agent or employee of Fair Auto Supply at the time of the alleged assaults. "Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380." (Citations omitted.) Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983). The statements in the plaintiff's affidavit concerning Garcia's employment with both Fair Auto Supply and Fair Paint and Body are conjectural in nature, and do not raise any genuine issues of material fact or contradict Fair Auto Supply's vice president's sworn statement that Garcia was not an employee or agent of Fair Auto Supply on the date of the alleged assaults. Plaintiff did not present any other evidence in order to raise a genuine issue of material fact. Thus, plaintiff has failed to substantiate his adverse claim and Fair Auto Supply's motion for summary judgment on counts IX, X, XI and XII of the plaintiff's second amended complaint is granted. CT Page 8537
McKEEVER, JUDGE