# CHARLESTON

## GUTHRIE *v.* HUNTINGTON CHAIR CO.

Submitted January 16, 1912.   Decided December 3, 1912.

1. PRINCIPAL AND AGENT—*Agent Acting for Two Principals.*

   A person can not act as the agent of two principals in a matter wherein their interests conflict, without their acquiescence after full knowledge of all the facts.   (p. 385).

2. CORPORATIONS—*Authority of Officers.*

   The same man acting as secretary and treasurer of two corporations, one debtor to the other, has no authority, by virtue of his office, to assign the note of the debtor company to secure a debt owed to a third person by the creditor company, so as to deprive it of equitable defenses or of the right to file sets-off to such note existing at the date of the assignment. (p. 385).

3. PRINCIPAL AND AGENT—*Dual Agency—Validity of Contract.*

   Either principal, without showing injury to himself, may avoid a contract made by a dual agent, without his knowledge of such dual agency.   (p. 387).

Error to Circuit Court, Cabell County.

Action by J. W. Guthrie against the Huntington Chair Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Neal & Strickling,* for plaintiff in error.

*Holt & Duncan* and *W. K. Cowden,* for defendant in error.

WILLIAMS, JUDGE:

On the 27th of April, 1911, J. W. Guthrie recovered a judgment, in an action of *assumpsit*, against the Huntington Chair Company, a corporation, for $906; and said company obtained this writ of error.

The record discloses the following facts: The Tucker Chair Company, an Ohio corporation doing business in Manchester, Ohio, owed J. W. Guthrie $2,000 for which he held its note. The Huntington Chair Company, a West Virginia corporation having its place of business in the city of Huntington, owed the Tucker Chair Company a like sum evidenced by three notes payable at different time, one for $500 and two for $750

each, all dated November 10, 1905. In November 1907, after the Tucker Chair Company's note to Guthrie had become due, it was settled by payment of interest and $500 of the principal, and two notes were executed to Guthrie, one for $500 payable in six months, and one for $1,000 payable in twelve months, each bearing interest; and the two $750 notes which the Huntington Chair Company held against the Tucker Chair Company were assigned to him as collateral. This suit is upon one of those notes which became payable on the 10th November, 1909. Defendant pleaded the general issue, and also filed a statement of sets-off and payment, and offered evidence tending to prove that, at the time the notes were assigned to Guthrie, the Tucker Chair Company owed the Huntington Chair Company a balance on account in excess of the note sued on. After the evidence had been introduced the court, on motion of plaintiff, excluded the statement of sets-off and payment, and struck out all the evidence in relation thereto; and this action of the court is assigned as error.

J. A. Tucker was secretary and treasurer of both companies, and acted in that dual relation to each in effecting the settlement with Guthrie. As secretary of the Tucker Chair Company he executed the new notes to Guthrie and assigned the notes as collateral, in its name. He also made the cash payment to Guthrie by check upon the funds of the Huntington Chair Company, as its secretary. There is no proof of his authority to act in the capacity of dual agent for both the debtor and creditor company, unless it can be inferred from his official relation to each. A corporation acts through its board of directors, and there is no proof that the directors of the Huntington Chair Company ever constituted him its general manager, or invested him with authority to dispose of its assets. It is not even shown that he had authority to execute to plaintiff the notes of the Tucker Chair Company, but the extent of his authority from that company is not material, as the notes he executed to plaintiff for it are not questioned, and are only offered to prove the existence of his debt and the consideration for the assignment of the note sued on. The officer's authority to dispose of the assets, and to waive the rights of his company can not be inferred from his act. The authority must be first

shown to make his act binding on his company. It is not shown that the board of directors of the Huntington Chair Company knew of the assignment of its notes to Guthrie. Its defense, or right of sets-off to said notes, could not be taken from it without its knowledge and assent. Neither is it shown that it knew that Tucker was the agent of the Tucker Chair Company; and the policy of the law does not permit an agent to act for two principals in relation to a matter wherein their interests are antagonistic, without the assent of both with full knowledge of all that affects their respective interests. A principal is entitled to his agent's best skill and judgment in the performance of his duties, and he can not render such services to two principals whose interests conflict. That a man can not serve two masters, is a principle as true in law as it is in morals. J. A. Tucker acted as agent for two companies that stood in the relation of debtor and creditor, and of course they had opposing interests to be served. The dual agent could not, without the knewledge and assent of the Huntington Chair Company assign its notes in such a way as to prevent it from using its sets-off against the Tucker Chair Company, as a defense to a suit on the note which the former owed the latter. The principle is well illustrated by the case of *New York Central Insurance Co.* v. *National Protection Insurance Co.,* 14 N. Y. 85. There the Etna Insurance Company insured Smith & Son against loss by fire, in the sum of $5,000; the plaintiff company insured $2,000 of the Etna Company's risk, and the National Protection Insurance Company reinsured the plaintiff's risk. There was a loss, and suit was brought upon the policy of reinsurance. It provided that it was not to be binding until countersigned by George F. Stevens, agent of the company, and was so countersigned. George F. Stevens was the local agent of the defendant company, and secretary and director of the plaintiff company. He was also a member of the executive committee of the board of directors of the plaintiff company, and as such, together with the other members of the committee, selected the risk in question as one of those to be reinsured. At his request he was furnished with blank policies by the secretary of the defendant company to be used by him, as its agent, in writing reinsurance on risks which the plaintiff company had taken. On the trial

the court instructed a verdict for plaintiff and defendant appealed to the supreme court, and the judgment was affirmed. Defendant then appealed to the court of appeals and that court reversed the judgment. In discussing the effect of a contract made by an agent acting for the two contracting principals, the court, in its opinion at page 91, says: "It is not necessary for a party seeking to avoid a contract on this ground to show that an improper advantage has been gained over him. It is at his option to repudiate or to affirm the contract irrespective of any proof of actual fraud. The principle has been most frequently applied to executed contracts and to sales of land or goods, but in its nature it is equally applicable to executory agreements and to other subjects. The parties to the contract in this case are both corporations, and must of course transact their business through the instrumentality of agents; and Mr. Stevens was the agent of both parties. The plaintiffs were entitled to all his skill and ability, and the defendants had the like claims upon him. Neither required the services of an indifferent person, whose object might be to secure equal advantages to both the contractors. No one will contend that he, as the defendants' agent, could have made a contract to insure himself; but his duty to the plaintiffs required that he should act in their behalf with all the sagacity and discretion which a fair man would have exercised in his own business. There was therefore a mainfest inconsistency in his attempting to negotiate this insurance as the agent for the insurers and the assured."

The principle was declared and applied in the following cases: *Sumners* v. *Railroad Co.*, 78 N. C. 289; *Hinckley* v. *Arey*, 27 Me. 362. In the last case one point of the syllabus reads as follows: "In making a contract for the composition of a debt, the same man cannot be the agent of both parties; but when the composition is agreed upon with the creditor by the agent of the debtor, he can be the agent of the creditor for another and distinct purpose."

In the following cases, which were suits by the agent to recover compensation for his services, the courts applied the same principle, viz.: *Rice* v. *Wood*, 113 Mass. 133; *Bell* v. *McConnell*, 37 Ohio St. 396, 41 Am. Rep. 528; Mechem's Agency, sec. 67.

There is no proof of any official action by the board of directors of either company authorizing J. A. Tucker to assign the note sued on. A contract made by a dual agent may be avoided by either principal without showing any special injury resulting from the contract. The law avoids it on the ground of public policy. But it is clear, in the present case, that the Huntington Chair Company is injured, if it is not allowed to file its sets-off.

The fact that the offsets filed antedate the assignment of the note to Guthrie can make no difference. The case turns upon the failure to prove knowledge and acquiescence by the two companies in his dual agency; and the doctrine of equitable estoppel, as denying to the Huntington Chair Company the right to claim the benefit of its pre-existing offsets, has no application.

It follows that the court erred in striking out defendant's statement of sets-off and the testimony offered in proof of them. The judgment must be reversed, the verdict set aside and a new trial ordered.

*Reversed and Remanded.*