VINSON, JONES & FINCH v. J. H. PUGH ET ALS.

(Filed 21 March, 1917.)

1. **Contracts — Parol Evidence — Deeds and Conveyances — Principal and Agent—Escrow—Statute of Frauds.**

Where the vendor of lands has executed a deed reciting the consideration and expressed in conformity with a parol contract of sale theretofore made, and has given the deed to his agent to be delivered upon payment of the agreed purchase price, it is a sufficient writing within the meaning of the statute of frauds.

2. **Principal and Agent—Deeds and Conveyances—Dual Agencies—Issues.**

Where the evidence is conflicting as to whether the agent of the vendor of lands to whom the deed had been given for delivery to the vendee had only the authority to receive cash therefor, and not extend the time for payment, which he had done, and that the agent acted in collusion with the vendee, received a commission from him without the knowledge of the vendor, his principal, and on account of the confidence placed in him had induced the vendor to sell at a price much less than he could have obtained from others, and the evidence was in conformity with the pleadings: *Held*, if the agent had no authority to change the

terms of the sale, the vendee could not recover by reason of his failure to perform the contract on his part, and it was reversible error for the trial judge to refuse the vendor's appropriate issues tendered in apt time, or other suitable ones on this and the other controverted matters.

**3. Principal and Agent—Dual Agent—Knowledge—Contracts—Fraud.**

> Where the agent for a vendor for the sale of lands has accepted benefits from or is acting for the other party, unknown to his principal, and accordingly the contract of sale has been made, it is avoidable at the option of the principal as being against public policy, and to prevent fraud which may arise in such dual agencies, without the necessity of showing actual fraud in the transaction.

CIVIL ACTION, tried at January Special Term, 1917, of SAMPSON, before *Whedbee, J.,* upon these issues:

1. What amount, if anything, is the plaintiff entitled to recover of the defendant, J. Frank Wooten? Answer: "$100, with 6 per cent interest from 15 July, 1914."

2. Did the defendant J. H. Pugh contract and agree to sell and convey to the plaintiff the timber, rights, and privileges for the sum of $6,000, as alleged in the complaint, upon the lands described in the complaint? Answer: "Yes."

3. Did the defendant J. H. Pugh fail and refuse to comply with his said contract and agreement? Answer: "Yes."

4. Did the plaintiff comply with their part of said agreement and tender the purchase price in accordance with said agreement? Answer: "Yes."

5. What damages, if any, is plaintiff entitled to recover of defendant J. H. Pugh? Answer: "$2,000."

The defendant Pugh excepted to the issues submitted and tendered the following:

1. Was the defendant Wooten the duly authorized agent of his codefendant, Pugh, to make sale of the timber referred to in the complaint?

2. Was it agreed at the time of the execution of the timber deed that the plaintiff should have thirty days in which to pay for the same?

3. Was the $250 referred to in the complaint paid to the defendant Wooten without the knowledge or consent of the defendant Pugh?

4. Was said sum of $250 paid to the defendant Wooten by the plaintiff for his services in procuring the execution of said timber deed from his uncle and codefendent, J. H. Pugh?

His Honor refused to submit either of said issues, and to this ruling the defendant Pugh excepted. *In apt time said defendant moved to nonsuit, which motion was denied, and defendant excepted.* The defendant Pugh appealed from the judgment rendered.

*Butler & Herring for plaintiffs.*
*A. McL. Graham for defendant.*

BROWN, J.  This action is brought to recover damages for breach of contract in the sale of timber.  The plaintiffs allege that defendant Pugh contracted to sell and convey to them the standing timber on certain lands near the town of Clinton, owned by defendant, for the sum of $6,000; that plaintffs complied with the contract on their part, but defendant wrongfully refused to perform the contract on his part, to plaintiff's damage $10,000.

The defendant denies that he entered into a valid contract to convey the timber to plaintiffs, and pleads the statute of frauds.  The defendant further avers that he entrusted the sale of the timber to his nephew, J. Frank Wooten, the codefendant, who agreed to negotiate the sale of it at the best obtainable price; that "this defendant had full faith and confidence in the integrity of his said nephew, and thereupon directed the said J. Frank Wooten to seek a purchaser for said timber, and to submit to this defendant a reasonable price for the same; that the plaintiff, having been advised that this defendant was willing to sell his timber, and being also aware of the fact that the said J. Frank Wooten was the nephew of this defendant, and that this defendant had confidence in him, approached the said Wooten and made a proposition to him, under the terms of which the said Wooten, for a valuable consideration, obligated to secure the signature of this defendant to a deed conveying said timber to the plaintiff; that this defendant had no knowledge whatever concerning the covinous and fraudulent contract, made and entered into between the plaintiff and the said J. Frank Wooten; and notwithstanding this fact, and notwithstanding the fact that the plaintiff knew that said timber was worth more than $6,000, and notwithstanding the fact that both the plaintiff and the said J. Frank Wooten knew that there were other parties in and around the town of Clinton who would have willingly paid more than $6,000 for said timber, the said J. Frank Wooten, acting as the secret agent and attorney of the plaintiff, falsely and fraudulently represented to this defendant that he had sold said timber to the plaintiff for its full value and at the highest figure that the market would afford."

The defendant further avers that, relying upon his said agent, he executed the deed and delivered same to him with instructions to deliver it at once upon payment in cash of the $6,000 purchase price.  Defendant denies that he gave his said agent any authority to take the deed with him to Jacksonville or to extend time of payment of the purchase money.

It is contended that there is no valid binding contract for the sale of the timber evidenced by any memorandum in writing signed by the

defendant that will take the transaction out of the protection of the statute of frauds.

It is admitted that a deed was duly executed by defendant and deposited with the codefendant, Wooten, with instructions to deliver it according to agreement with plaintiffs upon payment of the purchase money. This deed recited the true consideration and contained a full description of the land upon which the timber stood and in all respects contained the contract of the parties as originally made.

It has been held that if a person who has made a parol agreement to sell land sign a deed therefor to the vendee, and deliver it in escrow, if the instrument contain the terms of the parol agreement substantially, including a recital of the consideration, it is a sufficient compliance with the statute of frauds.

Browne, in his work on the Statute of Frauds, says that this is opposed by the great weight of authority (p. 483, sec. 354-B), and to same effect are the notes to *Halsell v. Renfrow,* 50 U. S. Supreme Court (Law Ed.), 1032. It is admitted, however, that there is a sharp conflict between the authorities upon the question.

But this Court has decided, along with other courts of respectability, that the undelivered deed under such circumstances will satisfy the statute. In *Magee v. Blakenship* there was a definite contract for an exchange of lands between the parties, and an undelivered deed was allowed as written evidence satisfying the requirements of the statute. 95 N. C., 563, citing *Blacknall v. Parish,* 59 N. C., 70. Referring to this question in *Flowe v. Hartwick,* 167 N. C., 452, *Mr. Justice Hoke* says: "While this has been said to be against the great weight of authority, our own Court in *Magee v. Blakenship* seems to have approved the position." The learned judge of the Superior Court properly followed the decisions of this Court and denied the motion to nonsuit.

It is contended that the plaintiffs failed to pay cash for the timber, as they had contracted to do, and therefore failed to perform the contract upon their part. The plaintiffs contend that the time for payment of the purchase money was extended, and offer in evidence the following paper-writing:

I, J. F. Wooten, having in my possession a certain timber deed, executed by James H. Pugh to Vinson, Jones & Finch, left with me by said James H. Pugh, as his agent, do hereby agree to deliver said deed to said grantee at any time within thirty days from date hereof, upon their payment to me of the full sum of $........, the purchase price agreed upon for said timber.

This 11 July, 1914.                                        J. F. WOOTEN.

Attest: HENRY A. GRADY.

The evidence is conflicting upon this allegation, and it was for the purpose of finding the fact that issues were tendered by defendant. We think the court should have submitted the issues, or some other suitable issues, so that the controverted fact might be determined.

If the jury should find that the terms of sale were cash and that the defendant Wooten had no authority to change the terms and extend time for payment, then the plaintiffs did not perform the contract on their part, and cannot recover.

It is contended that the defendant Wooten was acting in bad faith towards his codefendant and that while acting as his agent, without his knowledge or consent, received $250 from plaintiffs for his services in negotiating the sale of the timber. The third and fourth issues tendered by defendant present this question for the determination of the jury, and should have been submitted. These issues are distinctly raised by the pleadings and there is evidence sufficient to require the submission of the matter to the jury.

There is evidence that Wooten was the agent of defendant Pugh in making the sale; that he had agreed to secure the best obtainable price; that there were others, beside plaintiffs, in and near Clinton who were willing to buy the timber at a much larger price; that the timber was sold shortly thereafter for $8,000, and according to plaintiff's present contention was worth much more. There is evidence that Wooten demanded of plaintiff $500 for his service in the matter and received $250. It is in evidence that defendant Pugh knew nothing whatever of this, and that he relied entirely on the judgment and fidelity of Wooten in negotiating the sale of the timber.

It is contended that this $250 was allowed as the expenses of inspecting the timber by a timber inspector. There is no evidence that the timber inspector received $250 or any other sum from Wooten for his services.

It is well settled that an agent may, with their full knowledge and consent, represent both parties to a contract, and his contracts under these circumstances bind each within the scope of his authority; but where the agent, without the full knowledge and consent of his principal, represents the adverse party in the transaction, his contracts relating thereto are voidable at the option of the principal.

But an agent cannot serve the opposing party without the knowledge and consent of his principal, though he acts in good faith and no harm results to the principal. 2. Corp. Jur., 838, sec. 520; *Trueslow v. Bridge Co.*, 61 W. Va., 628; *Winter v. Carey*, 127 Mo. Ap., 601.

It is not necessary that either principal should show injury to him-

self.   Without showing such injury, he may avoid a contract made by a dual agent without his knowledge of such dual agency.   *Guthrie v. Chair Co.*, 76 S. E., 795.

The payment of a secret commission or fee to an agent of another entrusted with the execution of a contract entitles the principal to avoid it.   2 Corp. Jur., 839, and notes.

This rule is founded in sound public policy, and in referring to it, it is said in *Winter v. Carey, supra*: "The law recognizes that, in general, human nature is too weak to assume faithful service for an agent serving opposite parties without their knowledge and consent, and has absolutely forbidden such dual position, and if taken the agent is denied any redress.   Good faith on the agent's part and lack of harm to his principal will not prevent an application of the rule, for it is founded on public policy and is *preventive* rather than *remedial.*"

In *Ferguson v. Gooch*, 94 Va., 1, it is held that "a man cannot be the agent of both the buyer and seller in the same transaction, without the intelligent consent of both parties.   .   .   .   All such transactions are voidable and may be repudiated by the principal without proof of injury on his part."

In *Donovan v. Campion*, 85 Fed., 73, *Judge Stanborn* well says: "It is too well settled to admit of discussion that no sale where any substantial advantage has been taken can be sustained when he who actively promoted it acted as the ostensible agent for the vendor, when he was in reality the secret agent of the purchaser.   It inaugurates so dangerous a conflict between duty and self-interest to allow the agent of a vendor to become interested as the purchaser, or the agent of a purchaser, in the subject-matter of his agency, that the law wisely and peremptorily prohibits it."

It is not necessary to establish fraud upon the part of the agent. The rule of law is a preventive remedy and intended to prevent the possibility of fraud.   It is not so much that fraud has been committed, as that it might be committed, that the law frowns upon dual agencies.

New trial.