### WILLIE M. POPE v. A. R. McPHAIL.

#### (Filed 4 April, 1917.)

**Statute of Frauds—Deeds and Conveyances—Escrow—Specific Performance—Damages—Registration.**

> A good and sufficient deed executed in pursuance of a parol contract to convey land, and placed in escrow, is a sufficient writing within the intent. and meaning of the statute of frauds for the grantee to recover damages for a breach of contract to convey, especially when his grantor has conveyed the land to another who holds under a prior recorded deed.

CIVIL ACTION to recover damages for breach of contract to sell land, tried before *Stacy, J.*, and a jury, at September Term, 1916, of HARNETT.

On denial of liability, the jury rendered the following verdict on issues as to defendant McPhail:

POPE v. McPHAIL.

1. Did the defendant contract and agree to sell the said land in question to the plaintiff, as alleged in the complaint? Answer: "Yes."

2. Did the defendant A. R. McPhail prepare, execute, and sign a deed to said land in accordance with such contract, as alleged in the fourth paragraph of the complaint? Answer: "Yes."

3. If so, has deed been destroyed? Answer: "Yes."

4. Did the defendant A. R. McPhail breach his contract with the plaintiff, as alleged in the complaint? Answer: "Yes."

5. What damages, if any, is plaintiff entitled to recover? Answer: "$1,000."

Judgment on the verdict, and defendant excepted and appealed, relying for error on the refusal of the judge to order a nonsuit and for the reason that there was no memorandum of the contract in writing as required by the statute of frauds.

*E. F. Young and Clifford & Townsend for plaintiff.*
*J. R. Baggett for defendant.*

HOKE, J. The evidence on the part of the plaintiff tended to show that in July, 1911, defendant entered into an oral contract with plaintiff to sell the latter a tract of land in Sampson County, N. C., of 640 acres, sufficiently designated and described, for the sum of $7,000, to be evidenced by plaintiff's notes, one for $2,500, due 1 September, 1911, and a second note for $4,500, due 1 December, 1912, and that, pursuant to said verbal contract, defendant and wife prepared and signed a deed for the property and for the consideration stated, which was duly probated, purporting to convey the said land to plaintiff, and plaintiff and wife executed promissory notes due and a mortgage on the land to secure the same, and these papers, with a memorandum in writing also signed by the parties, were delivered to the Bank of Clinton, N. C., to hold in escrow until defendant could secure a complete title to the land which he was selling, the memorandum referred to being to the effect that the papers should be held in escrow, etc.; that in violation of the contract defendant McPhail took the papers from the Bank of Clinton or in some way procured the same, and having destroyed his deed, sold and conveyed the land to a third party at an advance price of $1,900, the purchaser now holding the land under a deed duly registered. Upon this testimony the motion for nonsuit was properly overruled, and, the jury having found the same to be true, plaintiff has a clear right of action. While there is much authority to the contrary, it is the rule in this jurisdiction that when parties, having entered into an oral contract to sell land, prepare and

sign a written deed substantially expressing the bargain, and deliver the same in escrow, such a deed is a sufficient "memorandum" within the meaning and requirement of our statute of frauds, and the contract may be considered and dealt with as a valid and binding agreement. We so held at the present term, in *Vinson v. Pugh,* p. 190, *Associate Justice Brown* delivering the opinion, and *Flowe v. Hartwick,* 167 N. C., 452, and *Magee v. Blankenship,* 95 N. C., 563, are in recognition of the principle. A similar ruling has been made in other States by courts of recognized authority. *Moore v. Ward,* 71 W. Va., 393; *Pavill v. McKinley,* 50 Va., 1; *Bowles v. Woodson,* 47 Va., 78; *Johnston v. Jones,* 85 Ala., 286, and *Campbell v. Thomas,* 42 Wis., 437, seem to sustain the position. Plaintiff, then, having a valid contract to purchase the land, which was wrongfully broken by defendant, is entitled to recover the damages he has sustained by the breach. This being a contract to convey land, he has ordinarily an additional remedy by action for specific performance; but he is not confined to that in any case. He can always avail himself of an action for damages for such wrong if he so elects, *Warren v. Dail,* 170 N. C., 406, a right emphasized in this instance by the fact that defendant has conveyed the property to a third person, who holds by conveyance of prior registry, and plaintiff's remedy, by specific performance, is no longer available.

There is no error, and judgment in plaintiff's favor is affirmed.

No error.