## D. E. OXENDINE v. W. H. STEPHENSON.

(Filed 29 February, 1928.)

**Deeds and Conveyances—Requisites and Validity—Statute of Frauds.**

> Where the vendor of lands in substantial conformity with his parol agreement with his vendee tenders a deed to the lands to him, which the latter refuses because the amount of the agreed purchase price had been increased, and after the vendor had sold the lands brings his action for damages: *Held*, the deed tendered is a sufficient writing within the statute of frauds to bind the vendor, and the vendee may recover the damages he has sustained by the defendant's breach of contract to convey.

APPEAL by defendant from *Grady, J.,* at November Term, 1927, of HARNETT.

Civil action to recover damages for an alleged breach of contract to sell a tract of land containing approximately eleven acres.

Upon denial of liability and a plea of the Statute of Frauds, the jury found in substance:

1. That the defendant agreed to sell the land in question to the plaintiff for the sum of $250.

2. That the defendant prepared and executed a deed to the plaintiff, in furtherance of said agreement, and placed the same in the hands of his attorney for delivery to plaintiff.

3. That upon tender of deed, plaintiff offered to pay the sum of $250, but was informed that the purchase price was $275, which plaintiff declined to pay.

4. That the fair market value of said land, on day of sale, was $800.

Judgment on the verdict in favor of the plaintiff for $550, from which the defendant appeals, assigning errors.

*F. H. Taylor and Chas. Ross for plaintiff.*
*Dupree & Strickland and Young & Young for defendant.*

STACY, C. J.  The exceptions presented by defendant's appeal are without special merit, and they will not be considered *seriatim*.

The action is for damages, rather than for specific performance, because, at the time of the institution of the suit, the defendant had parted with title and conveyed the land to a third person.

While the authorities elsewhere are conflicting, it is the rule in this jurisdiction that when one, who has agreed orally to sell land, prepares and signs a deed, which substantially expresses the bargain, and delivers the same in escrow, such writing is a sufficient memorandum to meet the requirements of our Statute of Frauds, and the contract may be considered and dealt with as a valid and binding agreement.  Such was the holding in *Pope v. McPhail,* 173 N. C., 238, 91 S. E., 947, and *Vinson v. Pugh, ibid.,* 189, 91 S. E., 838; and the decisions in *Flowe v. Hartwick,* 167 N. C., 448, 83 S. E., 841, and *MaGee v. Blankenship,* 95 N. C., 563, are in recognition of the same principle.

No error having been made to appear, the verdict and judgment will be upheld.

The plaintiff also noted an exception to the judgment and gave notice of appeal, but this does not seem to have been prosecuted.

No error.