HENRY F. AUSTIN AND WIFE, EMMA AUSTIN, v. JAMES McCOLLUM, HOYLE McCOLLUM, HOWARD McCOLLUM, FRANK McCOLLUM, AND DANIEL McCOLLUM, EXECUTORS OF JOHN A. McCOLLUM, AND AS RESIDUARY DEVISEES OF JOHN A. McCOLLUM.

(Filed 16 December, 1936.)

**Frauds, Statute of, E b—Deed duly executed and found among valuable papers of grantor held sufficient memorandum of contract to convey.**

A deed duly executed and acknowledged and found among the valuable papers of the grantor after his death is a sufficient writing within the meaning of the statute of frauds of a contract of grantor to convey the lands to the grantees in consideration of grantees' taking care of grantor for the remainder of his life. C. S., 988.

APPEAL by the defendants from *Rousseau, J.,* at August Term, 1936, of UNION. Affirmed.

This is an action for the specific performance of an alleged contract to convey land. The plaintiffs allege that John A. McCollum, prior to his death, contracted to convey to them a certain tract of land known as the Fincher Place, if they would come and live with him and do his housekeeping and keep up his farm and take care of him until his death, and that they performed their part of the contract; and that John A. McCollum died on 30 October, 1934, and that while a conveyance of the land has not been delivered to them, such conveyance was prepared and signed by John A. McCollum during his lifetime and was found among his valuable papers after his death.

From judgment on verdict in favor of the plaintiffs the defendants appealed, assigning errors.

*W. B. Love and A. M. Stack for plaintiffs, appellees.*
*Vann & Milliken for defendants, appellants.*

AUSTIN *v.* McCOLLUM.

PER CURIAM. The only exceptive assignments of error discussed in the appellants' brief are those that question the sufficiency of the evidence as to a written contract to convey on the part of the defendants' testator within the effect and meaning of the statute of frauds. C. S., 988. The pertinent facts in evidence tended to show that on 23 November, 1931, John A. McCollum had prepared by a justice of the peace a deed to the plaintiffs, reciting "that said party of the first part, in consideration of ten dollars and other valuable considerations to him paid by the parties of the second part, the receipt of which is hereby acknowledged, has bargained and sold" to the parties of the second part the *locus in quo,* and signed and acknowledged the same, stating at the time "that he was going to keep it (the deed) as long as he lived, and was going to give it to Mr. Austin and Mrs. Austin for taking care of him," and that said deed was found among the valuable papers of the deceased after his death. On these facts, the written deed describing the property, formally prepared at the behest of the defendants' testator, and held for delivery to the plaintiffs upon the completion of their contract to care for him as long as he lived, is a sufficient memorandum in writing within the intent and meaning of the statute of frauds, and the defendants' assignments of error must be overruled. *Harper v. Battle,* 180 N. C., 375.

"While the authorities elsewhere are conflicting, it is the rule in this jurisdiction that when one, who has agreed orally to sell land, prepares and signs a deed, which substantially expresses the bargain, and delivers the same in escrow, such writing is a sufficient memorandum to meet the requirements of our statute of frauds, and the contract may be considered and dealt with as a valid and binding agreement. Such was the holding in *Pope v. McPhail,* 173 N. C., 238, 91 S. E., 947, and *Vinson v. Pugh, ibid.,* 189, 91 S. E., 838; and the decisions in *Flowe v. Hartwick,* 167 N. C., 448, 83 S. E., 841, and *MaGee v. Blankenship,* 95 N. C., 563, are in recognition of the same principle." *Oxendine v. Stephenson,* 195 N. C., 238. While the deed in the instant case was not placed in the hands of a third person to be delivered upon the happening of a contingency or the performance of a condition, it was actually prepared and held by the grantor for the purpose of such delivery, and comes well within the principle adopted by this Court.

The judgment of the Superior Court is
Affirmed.