HENRY M. RICE & another *vs.* CHARLES W. WOOD.

A broker acting for both parties in effecting an exchange of property can recover compensation from neither, unless his double employment was known and assented to by both.

CONTRACT to recover a broker's commission. At the trial in the Central District Court of Worcester it appeared that the defendant employed the plaintiffs to exchange his stocks for real estate, and that he agreed to pay them a commission therefor; that at this time the plaintiffs were also employed by other parties to sell or exchange their real estate; that the plaintiffs introduced the defendant to these parties, and through the plaintiffs' instrumentality the defendant's stock was exchanged for the real estate. There was evidence that the plaintiffs were employed and acted as brokers for both parties in this exchange; that they were to receive, and did receive from the owners of the real estate a commission for disposing of it; that the defendant knew at the time he employed them and agreed to pay them a commission, that they were employed by the owners of the real estate to dispose of it, and that they were to receive a commission from them, but that the other parties did not know that the plaintiffs were employed by the defendant, or that they were to receive a commission from him for disposing of the stock.

The defendant asked the court to instruct the jury that if a broker acts for both parties in effecting a sale or exchange of property, he cannot recover compensation from either of the parties, unless both parties knew and assented to his acting for both.

The court refused to give the instruction prayed for, but did instruct the jury as follows : " If the plaintiffs were employed by the defendant as brokers to exchange his stock for real estate, and he was informed by them, or had knowledge, that they were

to make the exchange with persons whose estates had been left in their hands for exchange or sale, and that they were to receive commissions from those persons for disposing of their estates, and that with this knowledge the defendant agreed to pay the plaintiffs a commission for making the exchange, the fact that the plaintiffs were employed by and were to receive a commission from the other parties would not in itself defeat the plaintiffs' claim."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*F. T. Blackmer*, for the defendant.

*W. A. Gile & C. A. Merrill*, for the plaintiffs.

DEVENS, J. In this case there was evidence at the trial in the court below that the plaintiffs had been employed by a third person, who had promised to pay them a commission therefor, to dispose of certain real estate, and that afterwards, without the knowledge of such person, an agreement was made between the plaintiffs and the defendant, by which the plaintiffs were employed to act for the defendant in the exchange of certain stocks held by him for real estate, and were promised a commission if such exchange should be effected, the defendant knowing at the time that the plaintiffs were employed for a commission to sell such real estate ; and further, that afterwards the plaintiff introduced the defendant to the owner of such real estate, and by the instrumentality of the plaintiffs the exchange of defendant's stock for such real estate was effected.

If this were an action by the plaintiffs against the owner of the real estate, for commissions earned in disposing thereof, the decision of this court in *Farnsworth* v. *Hemmer*, 1 Allen, 494, would be conclusive against the claim, upon the ground that the plaintiffs, if such facts should be proved, had entered into a relation inconsistent with the confidence reposed in them by such owner, and placed themselves in a position antagonistic to his interests. This case presents, however, the question whether, conceding that the plaintiffs could not recover their commissions from the owner of the real estate, they may not recover those they claim to be entitled to from the defendant, as he knew fully

at the time of entering into his contract, the relation in which the plaintiffs stood to the third party.

It was the duty of the plaintiffs to get the highest price for the real estate that could be obtained for it in the market ; while the contract between the plaintiffs and the defendant was an inducement to the plaintiffs to effect a sale to the defendant, even if it was on lower terms than might have been obtained from others, because they thereby secured their commissions from both parties. It was therefore an agreement which placed the plaintiffs under the temptation to deal unjustly with the owner of the real estate. *Walker* v. *Osgood*, 98 Mass. 348.

Contracts which are opposed to open, upright and fair dealing are opposed to public policy. A contract by which one is placed under a direct inducement to violate the confidence reposed in him by another is of this character. If the plaintiffs were guilty of injustice to the owner of the real estate, by placing themselves under an inducement to part with it at less than its full market value, they should not be allowed to collect the promised commissions on the sale of the stock, which was the consideration for which they put themselves in such a position. No one can be permitted to found rights upon his own wrong, even against another also in the wrong. A promise made to one in consideration of doing an unlawful act, as to commit an assault or to practise a fraud upon a third person, is void in law ; and the law will not only avoid contracts the avowed purpose or express object of which is to do an unlawful act, but those made with a view to place, or the necessary effect of which is to place, a person under wrong influences, and offer him a temptation which may injuriously affect the rights of third persons. Nor is it necessary to show that injury to third persons has actually resulted from such a contract, for in many cases where it had occurred this would be impossible to be proved. The contract is avoided on account of its necessarily injurious tendency. *Fuller* v. *Dame*, 18 Pick. 472.

We are of opinion, therefore, that the judge who presided at the trial erred in the instruction given, and that the defendant was entitled to an instruction substantially like that asked for,

Nor can the ruling be sustained upon the ground suggested at the bar, that the plaintiffs were middlemen only, bringing the parties together and doing nothing further, the parties themselves making the contract. In *Rupp* v. *Sampson*, 16 Gray, 398, the plaintiff was permitted to recover, not for services rendered to the defendant as a broker, but for the performance of a certain specific act, namely, the introduction of the other party to him, the parties after such introduction making their own contract. It was there held that this was not such a fraud upon the other party, who also paid for the service of the plaintiff in introducing him, although concealed from such party, as to make the contract of the plaintiff with the defendant void for illegality. That, however, is not the present case. It here appears, by the bill of exceptions, not only that there was evidence that the plaintiffs introduced the parties, but that, through the instrumentality of the plaintiffs, the exchange was effected, and that in effecting such exchange the plaintiffs acted as brokers for both parties. It is to be observed also, that both the instructions asked for by the defendant and those given by the presiding judge proceed upon the ground that the plaintiffs were brokers, and not middlemen only.           *Exceptions sustained.*