HENRY C. SNOW *vs.* PENOBSCOT RIVER ICE COMPANY.

.    Penobscot.    Opinion January 15, 1885.    .

*Exceptions.    Instructions.    Practice.*

To entitle one to have a requested instruction given, it must be wholly correct, and the evidence must warrant the jury in finding such facts as to make it applicable to the case.

ON exceptions and motion to set aside the verdict.

Assumpsit to recover five per cent commission on two sales of ice of five thousand tons each for one dollar and twenty-five cents a ton. The verdict was for the plaintiff and the defendant alleged exceptions which are sufficiently stated in the opinion. The defendant also moved to set aside the verdict and for a new trial.

*Charles .P. Stetson,* for the plaintiff.

*Barker, Vose and Barker,* for the defendant.

HASKELL, J. Assumpsit to recover commissions for the sale of defendant's ice.

The plaintiff was employed to purchase, and was authorized to receive from the vendor, a commission of five per cent on the purchase money. Equipped with this authority, he purchased for his principal ten thousand tons of ice from the defendant, who agreed to pay the plaintiff a commission of five per cent, for the recovery of which this action is brought. At the trial, the presiding justice was requested by defendant to charge the jury, " that if the plaintiff as agent had discretionary powers to deal with these parties, or with any other ice dealers as he saw fit, and to fix the price at which the ice should be purchased, and that the commissions are claimed as a consideration for awarding, or giving this contract to the defendant in preference to other competitors, the contract is void as against public policy." The request was denied ; and exceptions present the question, whether the denial was error. A requested instruction must be wholly correct. *Grand Trunk Railway Co.* v. *Latham,* 63 Maine, 177. The evidence must warrant the jury in finding such facts as to make the requested instruction applicable to the case. *Penobscot Railroad Co.* v. *White,* 41 Maine, 512 ; *Lord* v. *Inh'b'ts of Kennebunkport,* 61 Maine, 462. The instruction was properly withheld, for the evidence does not prove, that the commissions are claimed as a consideration for awarding the contract to the defendant in preference to other competitors ; on the contrary, it appears that the commissions had nothing to do with so awarding the contract. The plaintiff was authorized to purchase ice for his principal, and to receive from the vendor a

stated commission of five per cent; that is, the vendor was required to pay a commission of five per cent from the purchase money. The plaintiff would receive the same advantage from whomsoever the purchase might be made. The commissions were no uncertain factor to induce the plaintiff to award his principal's contracts, where the plaintiff would receive the greatest benefit to himself. It was substantially the same, as if the plaintiff had received his compensation directly from his principal, for in that event, the purchase money could have been correspondingly reduced, and the vendors would have received the same price for their merchandise; so that, whether the requested instruction is correct as an abstract rule of law becomes wholly immaterial, and its discussion would be fruitless.

The defendant asks that the verdict be set aside as against both law and evidence.

The contract to pay commissions is not denied, but it is claimed to be invalid as against public policy. The numerous cases cited by the counsellors for the defendant in their elaborate brief clearly establish the rule, that the strictest fidelity is required from those persons acting in a fiduciary capacity, and that an agent clothed with discretionary powers shall not receive from those benefited by the exercise of that discretion any value or thing. The agent's duty is to faithfully perform that service with which he is charged, and for his reward, the principal alone is responsible. The plaintiff's claim does no violence to these rules of law. It is not grounded upon such facts as bring it within their scope. Here the principal says, purchase for me at a stipulated compensation, but for convenience, you may receive directly from the vendor the amount agreed to between us, which he may add to his purchase money that I am to pay. The very nature of the transaction required the plaintiff to disclose his agency to the defendant. Indeed, the contract for the sale of the ice was signed by the plaintiff as agent for his principal, and no concealment, or fraud, was practiced upon the defendant. He acted with a full knowledge of the plaintiff's agency, and the contract to pay commissions was made between the parties with a full understanding of the relations of each other to the subject

matter of it.    True, the interests of buyer and seller are adverse. *Farebrother* v. *Simmons*, 5 Barn. & Ald. 333. And it would be a fraud for one person to secretly act as the agent of both.    So a broker, effecting the exchange of stocks for real estate, who has concealed his employment by one party from the other, cannot recover his promised commissions from the party who had full knowledge of the broker's employment, because the agreement tempted the broker to deal unjustly, and was against public policy.    *Rice* v. *Wood*, 113 Mass. 133.    *A fortiori*, he can not recover the same of the party from whom the employment was concealed.    *Walker* v. *Osgood*, 98 Mass. 348 ; *Farnsworth* v. *Hemmer*, 1 Allen, 494.    The facts of this case do not come within the rules of law adjudged by these authorities, for there was no concealment of the employment, no fraud, no unfair dealing, no temptation for the agent to deal unjustly with his principal, by awarding the contracts to whomsoever would pay the highest commissions.    Everything was honest, straightforward and above board, and the contract for commissions is in no way subversive of public interest.    In *Bunker* v. *Miles*, 30 Maine, 431, an agent was provided with eighty dollars, with which to purchase a horse upon the best terms he could at a fixed compensation of one dollar.    The horse was purchased for seventy-two dollars and fifty cents, and the court held the agent liable to account to his principal for what remained of the eighty dollars above the price actually paid for the horse and the agent's agreed compensation.    Would it have been fraud, for the agent to have paid seventy-three dollars and fifty cents for the horse, and to have taken the vendor's note to himself for one dollar? and in that case would the note have been void between the parties to it?

It is claimed, that the contract for the sale of the ice was obtained by the false and fraudulent representations of the plaintiff, as to his principal's financial ability, but after plenary instructions from the court, the jury found otherwise, and it is not perceived that the verdict is so manifestly against the weight of evidence as to require the court to interpose.

It is claimed, that the plaintiff's demand had been settled before action brought, but in this behalf the jury, under instruc-

tions to which no exception is taken, found otherwise, and it is by no means clear that their finding was erroneous. So, too, the defendant claims an estoppel upon the plaintiff from insisting upon his commissions, but the evidence fails in this particular also.

Let the defendant abide its contract, knowingly made without concealment, or fraud, or other illegal taint.

*Motion and exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.