FRANK M. ZIMMERMAN *vs.* MARY A. GARVEY.

First Judicial District, Hartford, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Public policy forbids real-estate brokers, and agents generally, from
　acting for both parties to a transaction, except with their knowl-
　edge and assent.
A real-estate broker, not theretofore employed by either party, volun-
　teered to suggest to the defendant the purchase of certain real
　estate as an investment, and to bring her and the owner of the
　property together. Their negotiations, in which he participated,
　finally resulted in a sale, and involved a subsidiary agreement
　that he should receive the usual commission, amounting to $500,
　of which the seller should pay $200 and the buyer $300; and to
　this the plaintiff assented. *Held* that having acted with full
　knowledge of all the facts bearing on the plaintiff's relation to the
　transaction, the defendant could not avoid liability for her share
　of the promised commission.

Argued January 5th—decided January 22d, 1909.

ACTION to recover upon an express promise to pay a
stated sum for services rendered by a real-estate broker,
brought to and tried by the Court of Common Pleas in
Hartford County, *Coats, J.;* facts found and judgment
rendered for the plaintiff for $300, and appeal by the
defendant. *No error.*

*James E. Cooper,* for the appellant (defendant).

*William F. Delaney,* for the appellee (plaintiff).

PRENTICE, J. A recognized rule of public policy forbids

Zimmerman *v.* Garvey.

a real-estate broker, as it does agents generally, to act for both parties to a transaction, in the absence of their knowledge that he is so acting and their express or implied assent thereto. One who acts in violation of this rule cannot recover for his services, even upon an express promise. *Farnsworth* v. *Hemmer*, 1 Allen (Mass.) 494; *Carman* v. *Beach*, 63 N. Y. 97; *Bell* v. *McConnell*, 37 Ohio St. 396. "If, however, both parties have knowledge that the broker is acting for them both, and do not object thereto, but allow him to so act, and agree to pay him commissions, they will be held to have assented to his acting in a double capacity, and neither party can object thereafter." 2 Clark & Skyles on Agency, § 765 (b); *Rice* v. *Wood*, 113 Mass. 133; *Rowe* v. *Stevens*, 53 N. Y. 621; *Bell* v. *McConnell*, 37 Ohio St. 396.

The plaintiff had not been expressly employed to act for either the defendant or the property owner from whom she purchased. Having information that this owner was willing to sell a piece of his real estate at a certain price, and having incidentally learned that the defendant was desirous of making a real estate investment, he had volunteered to suggest to her the purchase by her of the property referred to, and to bring the parties together, with the result that a sale was finally accomplished, he participating in the negotiations. When the question as to a commission to the plaintiff and by whom it should be paid arose, a sale had not been reached. An offer had been made and was under consideration. The parties were free to act as they chose as to concluding a bargain. They chose to conclude one which involved the sale by the landowner and the purchase by the defendant at a stipulated price, and also embodied a subsidiary agreement upon the matter of a commission to the plaintiff. This subsidiary agreement, to which the plaintiff became a party and assented, stipulated that he should receive the usual commission, amounting to $500, and that of this amount the owner should pay the plaintiff $200 and the defendant the balance. Pursuant

to the agreement thus reached a conveyance was made. When it was entered into and the conveyance made in conformity with it, the parties to it necessarily had full knowledge of all the essential facts bearing upon the plaintiff's relation to the transaction, as those relations actually were, since they all lay revealed upon the surface of his known conduct. Nothing in that matter was concealed from them or lay hidden. Whatever employment or relationship the law would discover in the situation, would arise from the circumstances and the acts of the parties, and these were fully known. When, therefore, the vendor and the defendant acquiesced in the plaintiff's right to the usual commission, and concluded their bargain, and as a part of it agreed to share the amount of such commission in the way they did, they acted with full knowledge of the true situation and gave their assent to his course of action, whether it involved service for the one, or the other, or both of them. The defendant cannot, therefore, successfully object to the payment according to her promise.

There is no error.

In this opinion the other judges concurred.