### HESS et al. v. GALLAGHER.

(Supreme Court, Appellate Term. June 25, 1909.)

BROKERS (§§ 65, 67*) — COMPENSATION — PURCHASE BY BROKER — COMMISSION FROM BOTH PARTIES.

A broker, employed to sell real estate, is not entitled to commissions on a purchase by himself; nor is he entitled to commissions from the seller, where he is acting as the agent of the purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–54; Dec. Dig. §§ 65, 67.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Edwin H. Hess and Nathaniel J. Hess, composing the firm of M. & L. Hess, against Charles Gallagher. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Saul S. Myers and Max J. Kohler, for appellants.

Deyo & Bauerdorf (Howard C. Taylor, of counsel), for respondent.

MacLEAN, J. The plaintiffs claim that they were entitled to the direction of a verdict herein, because "at the end of the case both sides requested the direction of a verdict," as stated by counsel for plaintiffs in their brief upon this appeal, and because there was no question to submit to the jury. From the record it appears that counsel for plaintiffs did so move, but that counsel for defendant opposed any direction of a verdict.

Suing for services rendered as brokers, at the request of the defendant, in procuring a purchaser for certain property, the plaintiffs, by their witnesses, established, without dispute or contradiction, that on February 10, 1909, their representative, Mr. Vanderpool, told the defendant that they, the plaintiffs, would accept the terms which defendant made for the property, being $24,500, $15,000 to remain on bond and mortgage for three years at 4½ per cent., with a 60 days cancellation clause, $2,000 to be paid on the contract, title to be passed on May 1, 1909, and the balance of the price to be paid, and that defendant turned to him and said:

"The property is yours. It is sold. It's all right."

Thus and then the minds and only the minds of the plaintiffs and of the defendant may be said to have met in agreement, as buyers and seller respectively, each seemingly acceptable to the other, there being dispute and conflict as to the mention or disclosure of the name of the real purchaser, although the uncontradicted evidence discloses that

such an one afterwards ratified the acts of his agent, the plaintiffs, in fact. The defendant, however, even after discovery of the real purchaser's name, might and could elect to look to the plaintiffs, with whom and only with whom he had actually exchanged promises, and to whom and only to whom he had apparently given exclusive credit, as principal, and was not bound to look to the undisclosed one as principal, to whom he had not promised to give any such credit. As agents for the defendant, the plaintiffs might not directly buy from or sell to the defendant and recover for services upon their own contract as his agents, because as agents they were and would be under legal obligation to respect the confidence reposed in them as such, and could not unite, Jekyll and Hyde like, in their same persons the character of principal which would naturally tend to a violation of the confidence reposed in them as agents, and by whose active instrumentality an acceptance of defendant's offer was effected, if at all, and therefore they would and did disentitle themselves to recover for services therein, because:

"Contracts which are opposed to open, upright, and fair dealing are opposed to public policy. A contract by which one is placed under a direct inducement to violate the confidence reposed in him by another is of this character." Rice v. Wood, 113 Mass. 133, 135, 18 Am. Rep. 459, per Devens, J.

If it be urged that the undisclosed principal, under the theory of ratification and the fiction of relation back, accepted the offer of the defendant, as otherwise they never met in fact, and that thus their minds met in agreement, and that the plaintiffs are entitled to recover for services rendered therein to the defendant, it is answered that credit, under the evidence, was given, if at all, exclusively to the plaintiffs, and not to the undisclosed principal, and the plaintiffs, being instrumentally efficient in thus securing the mutual promises of the parties, were exercising an unwarranted dual agency, even as anciently expressed, that "a man cannot serve two masters" in a matter in which there is a conflict of interests.

It follows, therefore, that the judgment, entered herein on the verdict of the jury in favor of the defendant, should remain undisturbed.

Judgment affirmed, with costs. All concur.