## Elizabeth S. Twiss *vs.* John C. Herbst.

Third Judicial District, New Haven, June Term, 1920.
Prentice, C. J., Wheeler, Beach, Gager and Case, Js.

Public policy forbids a real-estate broker—as it does agents generally—
   to act for both parties to a transaction, unless the double agency
   is disclosed to the principals and assented to by them.
One who violates this rule cannot recover for his services, even upon
   an express promise, and even though such services are of value
   to his principal.
This rule applies irrespective of any actual fraud or wrongful intent
   upon the part of the broker; for the law deems such conduct con-
   structively fraudulent, and will not suffer the broker, or any other
   agent, to secretly represent adverse interests in the same trans-
   action.
In the present case the agreement between the broker and the land-
   owner was for a commission of $1,000 if the former succeeded
   in effecting an exchange of properties on specified terms. *Held*
   that an alleged local custom for each owner to pay the broker who
   effected an exchange, a commission of one per cent of the agreed
   value placed upon his property in the transaction, had no appli-
   cation to the case, inasmuch as the agreement in question was
   special and for a specific sum.
A statement in a finding which purports to be based upon the sub-
   ordinate facts already found, is, in reality, a conclusion of law.
The broker claimed that he was acting merely as a middleman in
   bringing the parties together, and then leaving them to make
   their own contract. *Held* that upon the subordinate facts stated,
   the trial court was fully warranted in refusing to find the fact
   thus claimed.
An allegation that the broker's services were of no value and therefore
   that the note given him therefor was without consideration, is not
   material, since the right to recover for the services is not dependent
   upon the result of the exchange, whether that be valuable to the
   property owner or otherwise, but upon acts or conduct deemed
   fraudulent by a court of equity, when the question of the fidelity
   of an agent to his principal is under review.

Argued June 4th—decided July 20th, 1920.

Action to secure the cancellation of a promissory
note for $1,000 and the discharge or release of a mort-

gage securing the same, brought to and tried by the Superior Court in New Haven County, *Curtis, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

This is an action for an injunction restraining the defendant from negotiating a note and from assigning the mortgage given to secure the same, and for the delivery of the note to the plaintiff and the release and cancellation of the mortgage. There were two counts in the complaint relating to different transactions; the first was decided in favor of the defendant, and is not connected with this appeal. Under the second count the court found the facts, in substance, as follows: "The plaintiff had employed the defendant as her broker in a prior real-estate transaction and as a result had become the owner of an apartment block in Waterbury. Finding the block too big for her convenience, she requested the defendant to sell or exchange it. At this time one German and his wife, owning real estate in Waterbury, placed it with the defendant for sale. The defendant informed the plaintiff that he might effect an exchange of the two properties and requested her to look over the German property. She did so, and came to the conclusion that she would exchange her property for this if satisfactory terms could be arranged. The defendant informed the plaintiff that he would interview the Germans and, if a deal was consummated, he would expect a commission of $1,000 from her in payment of his services rendered her in making the exchange. The plaintiff accepted defendant's proposition and agreed in writing to pay him $1,000 for his services if the exchange of properties was consummated. The defendant negotiated with the plaintiff and with the Germans as to an exchange of equities, and as a result of his negotiations it was agreed that there should be an exchange of

equities, the Germans to pay the plaintiff $500 cash in addition to the conveyance of their equities. The plaintiff accepted the proposition negotiated by the defendant; a contract drawn by the defendant for the exchange of properties was made between the parties, the defendant signing the contract as plaintiff's agent, and this contract was signed by the plaintiff before the deeds were passed. Thereafter deeds were passed and the exchange was completed. Upon completing the exchange the plaintiff executed and delivered a note for $1,000 to the defendant for his services as agreed, and also gave defendant a mortgage to secure this note. The defendant received the sum of $315 from the Germans as a commission in payment of the services he rendered them in the exchange. The defendant never informed the plaintiff that he was to receive or that he did receive a commission from the Germans in this transaction, and she did not know such fact. No sort of duress was practiced by the defendant on the plaintiff in the making and delivering of the said note and mortgage except such, if any, as arises from the other facts in the case. The defendant believed that he could collect a commission from each party in the exchange, whether or not the party knew that he was to be paid, or had been paid, a commission by the other party. As a result of the services rendered by the defendant for the plaintiff, she increased the value of her holdings and to this extent the defendant's services were of value to her.

On these facts the court found that the defendant was acting as the agent of the Germans and not as agent of the plaintiff, and rendered judgment for an injunction as prayed for, for the surrender of the note, and the release and cancellation of the mortgage. The defendant appeals for the various reasons noticed in the opinion.

*John H. Cassidy,* for the appellant (defendant).

*Edward L. Seery,* for the appellee (plaintiff).

GAGER, J. In *Zimmerman* v. *Garvey,* 81 Conn. 570, 71 Atl. 780, the duty of real-estate brokers with respect to fidelity to their clients was clearly and concisely stated by this court: "A recognized rule of public policy forbids a real-estate broker, as it does agents generally, to act for both parties to a transaction, in the absence of their knowledge that he is so acting and their express or implied assent thereto. One who acts in violation of this rule cannot recover for his services, even upon an express promise. *Farnsworth* v. *Hemmer,* 83 Mass. (1 Allen) 494; *Carman* v. *Beach,* 63 N. Y. 97; *Bell* v. *McConnell,* 37 Ohio St. 396. 'If, however, both parties have knowledge that the broker is acting for them both, and do not object thereto, but allow him to so act, and agree to pay him commissions, they will be held to have assented to his acting in a double capacity, and neither party can object thereafter.' 2 Clark & Skyles on Agency, § 765(b); *Rice* v. *Wood,* 113 Mass. 133; *Rowe* v. *Stevens,* 53 N. Y. 621; *Bell* v. *McConnell,* 37 Ohio St. 396." The *Zimmerman* case is cited with approval in *Summa* v. *Dereskiawicz,* 82 Conn. 547, 551, 74 Atl. 906.

That the law thus stated is thoroughly settled, see further authorities, especially as relating to the first part of the quotation from the *Zimmerman* case. 2 Mechem on Agency (2d Ed.) § 2412; 21 R. C. L. p. 827, § 11; 2 Corpus Juris, pp. 712, 763; *McLure* v. *Luke,* 84 C. C. A. 1, 154 Fed. Rep. 647, 24 L. R. A. (N. S.) 659.

The broker violating the rule, as stated in the *Zimmerman* case, cannot recover for his services even though these services are of value to his principal. The

ground of the rule is not the fact of loss or gain to the principal, but the violation of an imperative rule of public policy requiring the utmost good faith on the part of the agent, and that in the absence of knowledge and assent of his principal he shall not at the same time represent an interest inconsistent with or adverse to that of his principal. See *Quinn* v. *Burton*, 195 Mass. 277, 81 N. E. 257. The contract will be avoided on account of its necessarily injurious tendency. *Rice* v. *Wood*, 113 Mass. 133. The agent cannot serve two masters in the same transaction. As pointed out in *British America Assur. Co.* v. *Cooper*, 6 Col. App. 25, 40 Pac. 147, if an agent of two adverse principals is honest, the utmost he can do is to be impartial; but impartiality is exactly the qualification which is inconsistent with agency. The agent is chosen to be a partisan of his principal, not an impartial arbitrator between him and some one else.

The finding is very clear that the defendant in this case was the agent of the Germans to sell their property, and the agent of the plaintiff to sell or exchange her property. That the transaction resulted in an exchange between the two does not affect the character of the defendant's relations to both parties. He negotiated with the parties as to the exchange, apparently doing all the negotiating himself. He drew the contract for the exchange upon the terms the parties finally agreed upon, and signed the agreement for the plaintiff as her agent. He received his commission from the Germans without informing the plaintiff that he received, or was to receive, such commission, and without her knowledge and consent, and he took the note and mortgage in suit from the plaintiff in compensation for his services to her in making the negotiations with the Germans. The whole exchange as concluded is expressly found to have been

the result of defendant's negotiations. His conduct certainly shows the action for both parties forbidden by the rule above stated. He was attempting to serve two adverse interests at the same time. Quite irrespective of any actual fraudulent or wrongful intent or conduct, which the finding negatives, the law forbids such action and denies recovery upon any contract for compensation for services rendered under such circumstances. The conduct of the agent in such case is deemed to be fraudulent for the purpose of guarding against the mischiefs that must inevitably follow where one permits himself to represent adverse interests in the same transaction. And, as stated in *Zimmerman* v. *Garvey,* 81 Conn. 570, 71 Atl. 780, it is not any rule peculiar to real-estate brokers, but is a general rule of agency.

The defendant requested the court to find the custom in Waterbury that a real-estate agent who has consummated the exchange of real estate is entitled to a commission from each owner of one per cent of the agreed value at which his property is placed in the exchange. This request is in the original file. It is incorrectly quoted in the reasons of appeal. Whatever the fact may be as to such custom, we cannot see its application to the case as set out in the finding. The agreement between the plaintiff and the defendant was special, specific, and not based upon any percentage of valuation of anybody's property. She was to pay $1,000 if the deal was made.

The defendant also complains because, upon the subordinate facts, the court found that in the exchange of the properties the defendant was acting as the agent of the Germans and not of the plaintiff. We do not understand exactly what is meant by this paragraph of the finding. It purports, however, to be based upon the subordinate facts already found, and

is therefore in reality a conclusion of law. We interpret the subordinate facts as showing conclusively that the defendant was in fact acting as the agent of both parties without the knowledge and consent of the plaintiff. Whatever may have been intended by this finding, it does not in any way affect the conclusions reached upon the subordinate facts of the case, and on the face of it is not based on any information other than that set out in the subordinate facts.

There is no merit in the further claim of the defendant, that upon the subordinate facts the court should have found the defendant was a middleman, and therefore not within the rule as applied to an agent acting for adverse parties without notice and consent. In 2 Mechem on Agency (2d Ed.) § 2413, it is said: "Where, however, the broker acts as a middleman merely, bringing together parties who then deal with themselves and make their own bargains, relying upon their own judgment and skill,—especially, according to some cases, where the bargain is to be at a price fixed by the principal,—it has been held in a considerable number of cases that there is no inconsistency in the broker's attitude to either, and that no reason for complaint arises although he was employed by each without the knowledge of the other. It is believed, however, that,—unless in exceptional cases where, for example, the broker is employed to bring two specific persons together, and has no duty in negotiation and has not engaged to either principal his skill, knowledge or influence,—this distinction is not sound in principle and that the same temptation, which the law seeks to avoid, exists in this case, to lead the broker to bring together those only who employ him, to the exclusion of others who might make better terms." It is quite unnecessary here to determine which view as to the position of the middleman is to be preferred. Upon

the facts narrated in the finding, the court was quite warranted in not finding that the defendant was a middleman. The finding that the defendant negotiated with the plaintiff and the Germans, and finally reached a point where the parties could agree; that the undertaking of the defendant was to interview the Germans and that he would expect to receive a commission for success as a result of such interview; that the defendant signed the contract in the name of and as agent of the plaintiff; that it nowhere appears that the Germans and the plaintiff negotiated as between themselves, so that each was apparently relying upon the action of the defendant;—all these facts clearly imply the exercise of skill and judgment upon the part of the defendant in bringing about the terms of sale and leave the clear impression, not that the parties made their own bargain, but that by his negotiations and the use of his discretion, skill and influence, the defendant induced the parties to come to an agreement.

But one other ground of complaint needs notice; it is said that the court erred in granting the equitable relief prayed for; that is, the injunction and cancellation, because, as is claimed in the defendant's brief, the proof under the second count does not correspond with the allegations. It is said that the finding that the plaintiff increased the value of her holdings as a result of the defendant's services, contradicts the allegation in the complaint that his services were of no value and so that the note was without consideration. We have already shown that the case does not turn upon the result of the exchange of properties effected by the services of the defendant. It is also claimed that the negative finding with respect to fraud or duress, and the honest belief of the defendant that he could collect a commission from each party, are inconsistent with the claim of false and fraudulent representations

on the part of the defendant. As to these claims we have also seen that the good faith of the defendant is quite immaterial; the finding is that he was not guilty of fraud except as that may arise from the facts found; and the fact found, that he was representing both parties under the circumstances detailed, shows an act that is certainly deemed fraudulent in a court of equity where the question of fidelity of an agent to his principal is under review.

We think the complaint broad enough to cover the facts found, that the facts found show conduct which in equity is deemed equivalent to fraud, and fully justify the relief that was awarded.

There is no error.

In this opinion the other judges concurred.