TIMOTHY M. BURNS *vs.* HENRY R. WHITFORD.

First Judicial District, Hartford, March Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The plaintiff, employed as a broker to sell the defendant's business, arranged a sale by exchange with one for whom he was also acting and from whom he received a commission. The defendant denied the plaintiff's right to a commission from him, on the ground that he had no knowledge that the plaintiff was also acting for the pur-

chaser. The court charged the jury that if the plaintiff acted only as a middleman to bring the parties together to make their own bargain, it was immaterial whether the defendant knew that the plaintiff was receiving a commission from the purchaser as well as himself. It appeared that the parties had actually completed their negotiations in the absence of the plaintiff. *Held* that the instruction was erroneous, since it permitted the jury to find that the plaintiff acted as a middleman, from the mere fact that the parties themselves completed their negotiations, notwithstanding which the plaintiff might have been acting throughout as broker for both parties.

Public policy forbids the recovery of a commission by a broker who was secretly acting for the other parties to the sale as well as for the defendant, irrespective of whether the sale would or would not have been made by the defendant had that fact been disclosed to him; and therefore an instruction which allows the jury to render a verdict for the plaintiff if they find that the sale would have been made even if there had been no concealment of the plaintiff's actual status, is erroneous and prejudicial to the losing defendant.

Argued March 6th—decided April 4th, 1923.

ACTION by a real-estate broker to recover a commission or compensation for his services in effecting an exchange of properties, brought to the Court of Common Pleas in Litchfield County and tried to the jury before *Woodruff, J.;* verdict and judgment for the plaintiff for $535, and appeal by the defendant. *Error and new trial ordered.*

*Leonard J. Nickerson* and *Frank B. Munn,* for the appellant (defendant).

*Thomas J. Wall,* with whom, on the brief, was *Bernard E. Higgins,* for the appellee (plaintiff).

CURTIS, J. The undisputed facts show the following situation: The defendant, Whitford, in 1915 was conducting a general hardware business in Canaan, which was called The Whitford Supply Company; the business was that of a corporation of which the defendant

was the principal stockholder, and the defendant stood in such relation to the corporation that he could dispose of the entire business by sale or exchange, and complete the transaction by the transfer of all the stock of the corporation with all the rights in the business incident thereto. The defendant put this business in the plaintiff's hands as a broker to procure a purchaser for it as if it was his own business, without informing him and without his knowledge that the business was that of a corporation.

The plaintiff procured one George B. Clark as a purchaser, who exchanged certain of his property with the defendant for the business in question.

On the trial the plaintiff claimed to have proved that the defendant agreed to pay the plaintiff a commission of five per cent on the net inventory of the business, if he procured a purchaser, and that an inventory of the business was made and its value found to be $10,700.

The defendant denied that he so agreed, and claimed to have proved that he agreed with the plaintiff that in case of an exchange of his business for other property of a customer procured by the plaintiff, he would pay a commission of five per cent on the value of the property received by him in exchange. The jury found the issue for the plaintiff as to the agreement for a commission.

In his answer the defendant, in substance, alleged that the property of George B. Clark, for which he exchanged his business, had been listed with the plaintiff as a broker to procure a purchaser, before the exchange with the defendant, and that the plaintiff, without the knowledge of the defendant, was acting in the transaction as a broker for hire for both Clark and the defendant and was fraudulently so acting, that is without the knowledge and assent of the defendant; and he therefore claimed that the plaintiff was not entitled to recover a commission from the defendant for procuring

Clark as a purchaser of the defendant's business by an exchange of property.

The plaintiff admitted that George B. Clark had listed the property in question with him as a broker before the exchange, and after the exchange paid him $150 commission for procuring the defendant as purchaser of his property; but the plaintiff denied that he acted fraudulently, and claimed that the defendant knew before the exchange that the plaintiff was acting as broker for hire for Clark as to the property in question, and that the defendant with such knowledge expressly or impliedly assented to his acting for both parties. The issue as to whether or not the plaintiff acted fraudulently, as claimed by the defendant, was submitted to the jury. The jury by its verdict apparently found these issues for the plaintiff. The defendant claims that the verdict should be set aside because upon these issues the verdict is against the evidence. An examination of the evidence of the plaintiff discloses that if the jury gave full weight to his testimony, they could reasonably have found these issues for the plaintiff.

The defendant further claims that as to these issues the jury was improperly instructed by the court. The court instructed the jury in an unexceptionable manner as to the duty of the plaintiff as a broker in the defendant's employ to observe the utmost good faith toward him, and charged that the plaintiff could not act as broker for Clark in the exchange and recover a commission from the defendant, unless the defendant had full knowledge that he was so acting and gave his express or implied assent to his acting for both parties in the transaction. The court then instructed the jury as follows: "If the jury find that the efforts of the plaintiff in bringing the defendant and Clark together were the procuring acts of this sale, and there were no con-

fidential relations between the plaintiff and the parties, and that they got together themselves and made their own deal, then the plaintiff would be what is termed a 'middleman,' and it was immaterial whether the defendant knew or not that the plaintiff was receiving a commission from Clark as well as from himself. I believe that is the law gentlemen, but I think it should be further explained to you what is meant by the term 'middleman.' A middleman is a person employed to bring two or more parties together, such parties when they meet to do their own negotiating and make their own bargain. A middleman sustains no confidential relations to either party, and his fees are always fixed by a contract or stipulation; as the law does not regulate them, in that respect a middleman differs from an agent for there the law fixes the compensation, or the contract from which the compensation is paid. And further, a middleman is an agent who merely brings the parties to the sale together and upon whom does not devolve the duty of negotiating for either, and who, should they make a contract, would be entitled to receive a commission from both."

The defendant excepts to this charge under his third reason of appeal, because neither the pleadings nor the claims of the parties justified the introduction of a charge as to a middleman, and the law relating to his obligations to his employers and his rights of compensation against them. *Twiss* v. *Herbst*, 95 Conn. 273, 279, 111 Atl. 201. The facts claimed to have been proved, disclose that the parties each employed the plaintiff as a broker to secure a purchaser for the property involved in the exchange in question, and that the plaintiff acted as a broker in the transaction for each party and did not withdraw from such relation to either party. It does appear that at a certain stage in the negotiations, the parties negotiated personally and

reached their final agreement of exchange in the absence of the plaintiff. These facts did not terminate the plaintiff's employment as broker for each, and change his relation to the parties. He remained throughout the broker of each, and he was not entitled to a commission unless his conduct conformed to the duty of a broker as to each principal, to the effect that he must not act for both parties in the transaction, in the absence of their knowledge that he was so acting and their express or implied assent thereto.

The vice in the instructions given as to a middleman, is that because of the mere fact that the parties completed their negotiations for an exchange in the absence of the plaintiff, the jury may have found, under these instructions, that thereby the plaintiff became a middleman and entitled to a commission from each party, although he may have been acting for both parties in the transaction, without knowledge on the part of the defendant that he was so acting and without the defendant's express or implied assent thereto. The exception is well taken.

The defendant's fourth ground of appeal is that the court erred in charging the jury as follows: "If the fraud is such that had it not been perpetrated the contract would not have been made, the fraud is material. Whether it is or is not material in this case is a question of fact for you gentlemen to determine." If the fraud referred to is, as we must assume, the claimed failure of the plaintiff to inform the defendant fully as to his employment by Clark, and secure the defendant's assent thereto expressly or by implication, then the instruction was erroneous. If the broker acted for both parties in the transaction, in the absence of knowledge on the part of the defendant that he was so acting and without the defendant's express or implied assent thereto, he could not recover a commission from him,

because public policy forbids it, and this is so, without regard to whether or not the contract of exchange was made because of such misconduct. It appears from the record that all the letters referred to in the reasons of appeal numbered five, six, seven, eight, and nine, were introduced in evidence before the close of the trial. These reasons of appeal are therefore no longer of consequence, and a discussion of them would not now be justified.

The third and fourth reasons of appeal are well taken.

In view of the record the first and second reasons of appeal are not tenable.

There is error and a new trial is ordered.

In this opinion the other judges concurred.