## ANNA HERZOG *vs.* THOMAS N. COOKE.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

There is no occasion for making changes in a finding which, if made, would not affect the validity of the judgment rendered.

A real-estate broker employed to sell property who fraudulently purchases it for himself through a dummy, and then disposes of it to another at an increased price, must account therefor to his principal. Nor is he, under such circumstances, entitled to any sum as a commission.

Before leaving this country to reside in France, the plaintiff placed real estate owned by her in Greenwich in the hands of several brokers for sale, and employed one E, a New York attorney, to handle her business matters in this country. The defendant, a real-estate agent, falsely represented to E that he had been employed by the plaintiff to sell the property, and stated that he had received an offer of $22,000, which he considered to be the best obtainable, and that his commission would be five per cent. E cabled the offer to the plaintiff and she instructed him to accept. Thereafter the property was conveyed, on these terms, to one W, whom the defendant represented as the purchaser. W then conveyed to defendant's sister who, by the defendant's direction, conveyed to one A, who paid the defendant $36,000. The sale to W was a sham, the defendant being the real purchaser and providing all the money used in the transaction. Between the transfers to W and to A, defendant expended the sum of $8,445, in making repairs and alterations upon the property. *Held:*—

1.  That by his representation to E that he was a broker in the plaintiff's employ, upon which E relied and acted, the defendant was thereafter estopped from denying that status, and became subject to all the obligations of an agent acting for a principal.

2.  That the plaintiff was entitled to recover $36,000, which the defendant had received from A, less the $20,900 which she had received at the time of the pretended sale to W, and less the sum of $8,445 laid out for repairs and alterations to the property, which, in the eyes of the law, was expended for her benefit.

A broker who is guilty of a breach or omission of a duty to his principal, is liable to the latter in an action for breach of the agency contract or in an action on the case for the tort; or he may be sued in assumpsit for property or money wrongfully received from a third person for which he is under obligation to account to his principal.

Argued June 5th—decided July 27th, 1923.

ACTION to recover damages for the alleged fraud and deception of the defendant in the sale of the plaintiff's real estate, brought to and tried by the Superior Court in Fairfield County, *Webb, J.;* facts found and judgment rendered for the plaintiff for $4,447.90, from which both parties appealed. *Error; judgment to be entered for plaintiff for $6,654 with interest.*

*Carl Foster,* for the appellant (plaintiff).

*Homer S. Cummings* and *Raymond E. Hackett,* for the appellant (defendant).

CURTIS, J.   The defendant in his appeal makes numerous requests for the correction of the finding. The case in our opinion is determined by the portions of the finding which the defendant does not seek to have materially changed, and the legal results flowing from which would not be affected if the changes sought were made.   The matter of correcting the finding therefore need not be further considered.

The finding disclosed that in 1919 the plaintiff owned a parcel of real estate with a house and buildings thereon in Greenwich, and that in the spring of 1919 she had sailed for France and had resided there since that time.   Before sailing she placed the property in the hands of several real-estate brokers at Greenwich for sale, and employed one Bernard M. L. Ernst, an attorney practicing in New York City, to handle her business matters in this country during her absence abroad, and among other things called his attention to the fact that she owned the real estate in Greenwich which was for sale, that it was in the hands of real-estate brokers in Greenwich; and she desired her attorney to co-operate with her real-estate broker or brokers in the sale of the real estate for the highest possible price.

The defendant is a real-estate broker in Greenwich, and about November 13th, 1919, called upon Ernst and stated to him that he knew Mrs. Herzog and knew her property in Greenwich, and that she had employed him to sell it for her, and that he had found a purchaser who would pay $22,000 for it, and that the defendant's commission for selling the property would be five per cent of the purchase price, to be paid by Mrs. Herzog from the purchase price. The defendant stated to Ernst that the property was in bad condition, that there was a general deterioration in the property and that it would be for the best interest of the plaintiff that it be sold. Ernst had no personal knowledge of the condition of the property nor its fair value, nor did he know the price the plaintiff desired to receive for the property, nor the sum for which she would consent to sell it. Ernst believed the statements of the defendant and at the defendant's request, the defendant offering to pay the expense thereof, on November 13th, 1919, cabled to the plaintiff at Paris as follows: "Offered $22,000, Greenwich, with contents, less commission. Advise." On November 17th, 1919, Ernst received a cablegram from the plaintiff as follows: "Agree $22,000 net with contents excepting books papers and cellar matter belonging to Treitel. Cable reply." On November 18th, 1919, Ernst advised the defendant that the plaintiff would sell the property to the purchaser, who had been secured by the defendant, for $22,000 net. Afterward the defendant informed Ernst that it was impossible to secure more than $22,000 gross for the property; and on November 21st, at the defendant's request and at his expense, Ernst cabled the plaintiff as follows: "22,000 gross best obtainable. Commission 5%. Advise." On November 21st, 1919, the plaintiff cabled Ernst as follows: "Please close. Remit pro-

Herzog *v.* Cooke.

ceeds franc cheque order Madam stop Instruct Weill
Audubon 2640. Remove contents."

Thereafter a contract was entered into between the
plaintiff and one Carl J. Wold, whom the defendant
represented as the purchaser, wherein the plaintiff
agreed to sell the property to Wold for the gross sum
of $22,000, and in pursuance thereof a deed of the
property was delivered to Wold on February 17th,
1920. The defendant paid the plaintiff $20,900 for
the property, being the selling price of $22,000 less
a five per cent commission of $1,100. On May 5th,
1920, Carl J. Wold conveyed the property to Ada
L. Cooke, a sister of the defendant, and she on May
26th, 1920, by the defendant's direction, conveyed
the property to one Edgar H. Arnold, who paid the
defendant $36,000 for it.

While the property was by the plaintiff apparently
sold to Wold, and by Wold to Ada Louise Cooke,
and by Ada Louise Cooke to Arnold, in truth and in
fact the defendant was the real purchaser of the property
from the plaintiff, and provided all money used in the
transaction, and was the real seller of the property to
Arnold, and purchased the property from the plaintiff
for as little as possible instead of selling it for her
for as much as posible.

Between the agreement to sell the property to
Wold and its sale and transfer to Arnold, the defendant
repaired and altered the house and premises at an
expense of $8,445.90, and incurred other expense and
personally supervised the alterations.

The gist of the action as set up in the complaint is
to recover the damage inflicted upon the plaintiff
by the fraudulent and unfaithful conduct of the
defendant while acting as her broker. When the
defendant called upon the plaintiff's business rep-
resentative, Ernst, and stated that he was a broker

in her employ and was endeavoring to sell her Greenwich property and Ernst believed him and dealt with him as such, the defendant in the eyes of the law became her broker and was estopped from denying it, and became subject to all the obligations of such an agent acting for a principal. Among the obligations thus imposed upon him as broker was that of acting in good faith and in the interest of his principal, and if he was guilty of fraud in these particulars the obligation was then incurred of being liable for the resulting damage to his principal. Furthermore, unless the broker fully advised his principal of the facts, he could not deal with the property to his own advantage, but is obliged to give the principal the benefit of any profit which he might make in such a transaction. A broker without his principal's consent cannot represent any other party to the transaction; to do so is a breach of his contract and fraudulent conduct, and by a rule of public policy deprives him of his right to a commission. 9 Corpus Juris, § 39, p. 536; *Twiss* v. *Herbst,* 95 Conn. 273, 111 Atl. 201; *Burns* v. *Whitford,* 98 Conn. 715, 120 Atl. 565.

Upon the facts found, the defendant failed in performing the obligations that the law imposed upon him as the broker of the plaintiff, in several particulars: 1. He did not act in good faith. 2. He did not act in the interest of his principal. 3. Without the knowledge of his principal he dealt with the property to his own advantage, by himself purchasing it, and reselling it at a greater price. In 9 Corpus Juris, § 39, p. 539, the law is stated as follows: "Where a broker employed to sell, fraudulently purchases from the principal and then resells at a greater price, or understates the price received, or which can be received, by him and keeps the difference, he must account to the principal therefor." "For a breach

or omission of a duty which the agent owes the principal, he may be sued by the latter [principal] in assumpsit for breach of the agency contract, or in a special action on the case for the tort. . . . The agent may also be sued in assumpsit for property or money wrongfully received from a third person and for which he is under obligation to account to his principal." 2 Corpus Juris, § 577, p. 886. Furthermore, the defendant, without the knowledge of his principal, represented another party to the transaction, to wit, himself the purchaser, and thus deprived himself of any right to a commission. 9 Corpus Juris, p. 536, *et seq.*

For these breaches of his obligation as broker to the plaintiff, she is entitled to recover damages. The finding discloses that the defendant received for the property $36,000 on May 26th, 1920. The plaintiff is entitled to recover this sum less the $20,900 which the defendant paid the plaintiff, and less the sum of $8,445.90, which in the eyes of the law under the facts the broker expended for her benefit, with interest on the balance from May 26th, 1920. The plaintiff is not entitled to a credit of any sum as a commission upon the sale.

To the extent indicated above, the reasons of appeal of the plaintiff are sustained. The reasons of appeal of the defendant are not sustained.

There is error and the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiff for $6,654.10 with interest from May 26th, 1920.

In this opinion the other judges concurred.